2094.   HOLLINGSWORTH v. THE STATE.

1. In a criminal case, where an exception is relied upon to prevent the bar of the statute of limitations, it must be alleged and proved.   Such proof is inadmissible unless the exception sought to be proved is alleged.

2. Where the exception necessary to relieve the bar of the statute of limitations is not alleged in the indictment or other accusation, it is to be presumed that the day upon which the offense is therein alleged to have been committed is immaterial, and that the prosecution is not barred. Consequently, any evidence that the offense charged was committed upon such a day as that a prosecution therefor would be barred is irrelevant and inadmissible, and should be excluded upon proper timely objection thereto.

3. A defendant in a criminal case may move in arrest of judgment, upon his conviction, where it appears from the indictment that the alleged offense is barred by the statute of limitations, and no exception to remove the bar is stated in the indictment.   Still, this right is not exclusive of the right of the defendant, at his option, to move for a new trial upon the ground that his conviction was the result of evidence illegally admitted over his objection.

Accusation of gaming; from city court of Fitzgerald—Judge Jay.   July 29, 1909.

Submitted October 6,—Decided November 9, 1909.

*Alex, J. McDonald, H. J. Quincey*, for plaintiff in error.

*O. H. Elkins, solicitor pro tem.*, contra.

RUSSELL, J.   The defendant in the court below was tried upon an accusation charging him with the offense of misdemeanor.   The accusation alleged that on the 25th day of April, 1906, he played and bet for money or other things of value at a game played with cards.   The accusation was preferred on the 29th day of February, 1909.   A motion for a continuance of his case was made, upon the ground of the absence of material witnesses by whom he ex-

pected to prove that he was not engaged in the game of cards charged in the accusation. We think that had we been presiding we would have continued the case, because the evidence which the defendant swore he expected to be delivered by his absent wit-nesses was most material, and, if credible, would have demanded an acquittal. The matter of continuance, however, is largely within the discretion of the trial court, and the judgment refusing a new trial must be reversed upon another ground; and for that reason it is unnecessary that we pass upon the merits of the motion for continuance.

The State offered in evidence a bill of indictment against the defendant, returned by the grand jury of the superior court of Wil-cox county, at the September term, 1906, charging that on the 25th day of April, 1906, he played and bet for money and other things of value at a game of poker, skin, or other game played with cards. Upon the indictment a nolle prosequi was entered, dated April 23, 1909. The defendant objected to the introduction of this testi-mony, upon the ground that the former indictment was irrelevant and inadmissible, and did not illustrate any issue in the case. The judge overruled the objection of the defendant's counsel and ad-mitted the indictment and the order entered thereon; and the de-fendant, as plaintiff in error, excepts to the admission of this testi-mony. Upon the same line the court charged the jury that the case was originally brought in Wilcox county, under an indictment found at the September term, 1906, of Wilcox superior court, and that upon the creation of the new county of Ben Hill "the indictment was transferred to this county, and was, upon motion of the solici-tor of the city court of Fitzgerald, nol. pros'd, and a new accusa-tion was drawn, upon which the defendant is being tried before you." To this charge various exceptions are taken, which it will be unnecessary to discuss.

Nothing is better settled than that the defendant has a right to be informed of at least enough of the charge against him to enable him to prepare for his defense; and while, as a general rule, the averment as to date in a criminal accusation is immaterial, still, if the day alleged fixes the offense at a time when it would be barred by the statute of limitations, the accusation is fatally defective, un-less one or more of the exceptions which would remove the bar of the statute be alleged. In the present instance the accusation

alleges a date to which the bar of the statute applies. If no demurrer was filed, this would not prevent the State from proving the commission of the offense as on any day, prior to the filing of the accusation, not barred by the statute of limitations. But evidence that the crime was committed upon a day to which the bar applies would not be admissible, unless it be averred in the accusation that, on account of one of the reasons stated in section 30 of the Penal Code, the charge is not barred. Evidence that the case really came within one of the exceptions provided by section 30 of the Penal Code would not be admissible, except in support of an allegation to that effect in the indictment. If the indictment alleged even an impossible date, proof that the offense was committed at any date not barred would be admissible; but proof that, on account of some affirmative fact not stated in the indictment, the defendant would be liable to the pains and penalties from which he would otherwise be exempt can not be permitted, even in this day of loose criminal pleading.

In *McLane* v. *State,* 4 *Ga.* 341, Judge Warner, delivering the opinion of the court, says: "It may be stated as a general rule, that the time when an offense is alleged to have been committed in an indictment will not be considered as material, so it be previous to the finding of the indictment, but where a time is limited for preferring an indictment, the time laid should appear to be within the time so limited;" and cites Arch. Crim. Plead. 14; Chitty's Crim. Law, marginal page 223; State *v.* Beckwith, 1 Stewart & Porter, 319 (18 Am. D. 46). Proceeding, he says: "On the score of principle, we think it was incumbent on the prosecuting officer to have alleged in the indictment the particular exception on which he relied to prevent the operation of the statute, so that it might affirmatively appear that the defendant was liable, under the law, to be arrested, tried, and convicted for the offense; and for the further reason that he might be prepared, at the trial, to traverse all the material allegations made by the State against him. We are aware that on the civil side of the courts the defendant has usually been required to plead the statute of limitations by way of defense, even when it appeared, on the face of the declaration, that the demand was barred by the statute; but we are unwilling to apply that rule to criminal causes, in which the life and liberty of the citizen is involved; believing, as we do, that it is the most regular and safe

rule to adopt, to require the particular exception mentioned in the statute, intended to be proved at the trial, to prevent its operation, to be alleged in the indictment." Certainly, evidence that a previous indictment had been nol. pros'd was wholly irrelevant to the guilt or innocence of the defendant at the bar; and this was all that the accusation purported to speak of. It was competent as evidence to relieve the bar of the statute which apparently stood in the way of the prosecution, but it did not constitute any essential part of the offense. The defendant could have moved to quash the accusation; he could have moved in arrest of judgment after conviction, but he was not required to do either. He had the right to waive the informality of the accusation, presuming that he was charged with an offense not barred by the statute of limitations. But the evidence that the offense was not barred by the statute of limitations was inadmissible, unless it was pleaded in the accusation. To state an illustration in which a defendant might be deprived of his right: suppose the exception upon which the State expects to rely, to preserve a prosecution which would otherwise be barred, is that the defendant absconded. With nothing stated in the indictment to put the defendant upon notice that this exception is to be relied upon, he might have no proof with which to meet testimony to the fact that he absconded, although it might be ever so false. Proof that the alleged crime was committed beyond the period of limitations is itself valueless to effect a conviction, unless some reason appears why the prosecution is not barred. And to use the language of Judge Warner in the *McLane* case, this exception must not only be proved, but pleaded.

In the charge of which complaint is made, the judge stated the same facts, as facts, as appear to have been shown by the evidence introduced in behalf of the State. Even if this were not error, as being an expression of opinion upon the evidence, it was clearly error for the reason that it was a statement of facts which could not properly be introduced under the pleadings. An allegation that the accusation was preferred within six months from the time that the former accusation was quashed or nol. pros'd would be valueless to relieve the bar of the statute of limitations, without proof to support the allegation; and proof that the accusation was drawn within six months from the nol. pros'ing of the prior indictment is entirely irrelevant and inadmissible, unless it be ad-

duced for the purpose of supporting an averment in the accusation. As to an exception stated in section 30 of the Penal Code, pleading and proof must go together. United they stand; divided they fall.                                        *Judgment reversed.*