*R. D. Jackson & Son,* contra.

---

### 16914. BAZEMORE *v.* THE STATE.

In a criminal case, where an exception is relied upon to prevent the bar of the statute of limitations, it must be alleged and proved.

DECIDED JANUARY 12, 1926.

Larceny; from city court of Reidsville—Judge Cowart. September 15, 1925.

*Lankford & Rogers,* for plaintiff in error.

*M. W. Eason, solicitor, S. B. McCall,* contra.

BLOODWORTH, J. 1. When an accusation is drawn against a person charging him with a violation of a criminal statute of this State, so far as the time of the commission of the act is concerned, it is usually necessary to allege the date only upon which the crime was committed, for in practically all cases both the "offender and the offense" are known before the time in which the offense is barred by the statute. However, it so happens that sometimes either the offense or the offender is not known within that time. To cover such cases section 30 (4) of the criminal code of 1910 provides, "Nor shall any limitation run so long as the offender or offense is unknown." The accused was charged with simple larceny, (a misdemeanor), and that section of the code also provides that indictments may be found and filed in the proper courts "in all misdemeanors, within two years after the commission of the offense, and at no time thereafter." The accusation alleges that the offense was committed on October 15, 1921, and that "the alleged thief in this accusation was not known as the perpetrator of said crime until on or about February 1, 1924, he was not known as said offender to this prosecutor until February 1, 1924." As the accusation was filed on September 2, 1924, and was based upon an affidavit made on that date, it would have been subject to demurrer without alleging the foregoing exception. The exception, therefore, is an essential and material part of the accusation and necessary to be proved. *Hollingsworth* v. *State, 7 Ga. App.* 16 (1) (65

S. E. 1077) ; *Hansford* v. *State*, 54 *Ga.* 55 (3). On the trial of
the case in June, 1925, the prosecutor swore: "In 1921 I lost a
circular saw . . I saw the saw again a year ago last March on
Mr. Bazemore's mill, the defendant in this case. . . Mr. Baze-
more was present." This evidence within itself is not sufficient to
support the allegation that the offender was not known "until
February 1, 1924." The court therefore erred in overruling the
motion for a new trial.

2. It is unnecessary to consider the other allegations of error.
*Judgment reversed. Broyles, C. J., and Luke, J., concur.*