31006. HALL *v.* THE STATE.

DECIDED FEBRUARY 7, 1946. REHEARING DENIED MARCH 27, 1946.

*George G. Finch,* for plaintiff in error.

*D. P. Philips, solicitor, Walter P. McCurdy, James A. Branch, Thomas B. Branch Jr.,* contra.

BROYLES, C. J. As we view the case, we may assume that the defendant is correct in his contention and that the proceedings in Gwinnett County are sufficient in law upon which to base a conviction in Gwinnett County, still we are of the opinion that the court did not err in striking the plea of former jeopardy. The statute, with reference to operating an automobile upon the public highways of this State, was enacted for the protection of the users of the highway throughout the State, with the county as a unit. Quoting from 22 C. J. S. 266, § 175: "It is a general rule that, in the absence of constitutional or statutory provisions to the contrary, a criminal offense must be prosecuted in the county or district in which the offense was committed, unless

the venue is changed." See also § 176 of the same authority. It is contended by the defendant that the offense charged in the indictment in Gwinnett County and the offense charged in the accusation of the city court of Decatur, DeKalb County, "covered the same continued uninterrupted act of speeding which was begun in Gwinnett County and extended into DeKalb and was thus a single offense." To this we can not agree. When the defendant voluntarily and criminally began operating his automobile in excess of fifty-five miles per hour and voluntarily and continuously and uninterruptedly extended his said criminal act into DeKalb County (an adjoining county) he violated the statute in each county of Gwinnett and DeKalb. A conviction for violating the statute in Gwinnett County under such circumstances would be no bar to a prosecution in DeKalb County, an adjoining county. We specifically requested counsel to file an additional brief discussing this principle. No authority has been submitted to us contrary to what we have herein decided, and from our own research we have been unable to find any decision in any jurisdiction to the contrary. In principle and by analogy this court has passed on the question in the case of *Lunsford* v. *State*, 60 *Ga. App.* 537 (2), and division 2. Judge MacIntyre, speaking for the court, clearly, exhaustively and convincingly discussed this principle: We feel that we can add nothing here to what was said there. *Judgment affirmed. Gardner, J., concurs.*

MacIntyre, J., concurring specially. Whether or not the principle in the decision of State *v.* Shimman, 122 Ohio St. 522 (172 N. E. 367), to the effect that " 'a continuous and uninterrupted transportation of intoxicating liquor, whether within one county or in more than one county, constitutes a single offense, punishable in either county, but not in both; and a conviction therefor in one county may be pleaded in bar to a prosecution in the other,' and other cases of similar import (73 A. L. R. 1502 and note), would be adopted as the rule in this State in a proper case, need not now be determined, since the facts here presented are in our opinion materially different. It will be noted that in the above case there were not a series of distinct and separate acts, but merely one continuous, uninterrupted act which extended into more than one county. It is to be further noted that in that case a very vigorous dissent from the majority ruling was filed, in

which dissent three of the judges concurred. Moreover, the rule is that all crimes must be tried in the counties wherein they are committed." *Lunsford* v. *State,* 60 *Ga. App.* 537, 544 (4 S. E. 2d, 112). "Webster defines 'transport' as to carry or convey from one place to another; again, to remove from one place to another; and throughout all the deviations of the word 'transport' we find the same part of the definition to remove. Columbia Conduit Co. *v.* Commonwealth, 90 Pa. 307, 309." 42 Words & Phrases (Perm. ed.) 360. " 'Transportation' implies the taking up of persons or property at some point, and putting them down at another. . ." 42 W. & P. Perm. 361. In the Shimman case the majority opinion seems to have held that the indictment charged a general continuing offense of transporting intoxicating liquors between definite termini, and the conviction of such continuing offense between the alleged termini was a bar to any other prosecution of transporting liquors between the same termini. Here the first accusation of speeding was that it was so done in Gwinnett County, Georgia, and thus impliedly alleged an offense between definite termini, which termini are the county lines of Gwinnett County. The second accusation, the one in the instant case, was expressly for speeding "between the [termini of the] Gwinnett County line and the Fulton County line" in DeKalb County. In broad terms, where there is no merger of misdemeanor into felony, or felony into treason, the criminal transaction is divisible at whatever place it can be so cut, and the part so carved out will fill the law's definition of any crime. 1 Bishop's New Criminal Law 480 (2), § 794. The county line between Gwinnett and DeKalb Counties so cut the criminal transaction that the part of the criminal transaction in DeKalb County will fill the law's definition of the crime charged in DeKalb County. If the defendant had been acquitted or convicted under the accusation of the crime charged in Gwinnett County he could still be convicted for another crime charged in DeKalb County. 1 Bishop's New Criminal Law, 628, § 1049 (1). While in Georgia we have the same transaction test, the responsibility of a single county cannot be adequately met if it is dominated or controlled by another or other counties. Automobile drivers who drive in excess of 55 miles per hour on a public highway are violating the automobile statutes designed for the protection of human life and

limb, which violations so often result in permanent injuries or death. If such violations going regularly from county to county in highpowered automobiles at such unlawful speeds with no interruption, and to the menace of our citizens, are subject to only a nominal fine imposed for speeding in a single county and such must be accepted as a just punishment for such flagrant offenses committed in many counties, the situation is nothing short of calamitous. If county courts, or city courts as here, which had jurisdiction only in their respective counties in criminal prosecutions for misdemeanors are limited to their county territorial jurisdiction, then it follows that each county is responsible for the peaceful and orderly government within its territory only, and I do not think that one county should be the mentor of law enforcement in another county where the acts of the criminal things could be carved out into a specific crime.