### 50825. THE STATE v. TATE.

Clark, Judge.

Questions involving double jeopardy and collateral estoppel are presented to this court by the state's appeal from the dismissal of its indictment charging defendant with rape and kidnapping.

Defendant had been previously tried on a two-count indictment dated September 17, 1974 arising from the same set of occurrences. Count 1 of this first indictment charged defendant with armed robbery, alleging that he, "unlawfully with force of arms, with the intent to commit theft, took from the person of [the named victim] the following property, to wit: brown purse of the property of

[the named victim], of the value of $1.00, by use of a pistol, the same being an offensive weapon." Count 2 of this indictment charged rape in that the accused, "did have carnal knowledge of [the named victim] a female, forcibly and against her will."

On October 4, 1974, defendant went to trial on these charges, asserting mistaken identity and raising a defense of alibi. The jury acquitted defendant of armed robbery and announced that it was unable to reach a unanimous verdict on the rape charge. The trial judge then declared a mistrial as to the count of rape.

Thereafter, on January 21, 1975, a new indictment was returned charging defendant with the offenses of rape and kidnapping as to the same victim on the same date as in the first indictment. The state's brief acknowledges "The charges contained in this indictment arose out of the same series of events as did those contained [in the previous indictment]." (Brief, p. 3.)

Having entered a not guilty plea to this new indictment, defendant also filed a motion to dismiss. In sustaining this motion, the trial judge wrote in part as follows:

"It appearing to the Court that Indictment No. 37, January Term, 1975, charging the accused with the offenses of rape and kidnapping is based upon the same facts and circumstances and arises from the same course of conduct and from the same transaction as the September 1974 indictment upon which the accused has already been tried and found not guilty as to the offense of armed robbery;

"Now, therefore, it is considered, ordered and adjudged that the questions of fact as to the guilt of John Percy Tate were determined by the jury in the earlier trial and his acquittal in that case on the charge of armed robbery precludes the State from utilizing the same testimony to again litigate the controlling issue already adjudicated by the earlier trial under the doctrines of res judicata and the principle of estoppel; said testimony having necessarily raised controlling issues involved in the new charges of rape and kidnapping now pending, and having been determined by the verdict of acquittal in the former trial. *Harris v. State,* 193 Ga. 109 at 121. The jury

by acquitting John Percy Tate in the earlier trial necessarily found that he did not participate in the transaction.

"Therefore, it is hereby ordered and decreed that the charges of rape and kidnapping now pending against John Percy Tate are hereby dismissed and any continued prosecution by the State arising from this alleged course of conduct of the accused is barred under the provisions of Ga. Code Ann. § 26-507 (b) (1)."

I.

The alleged offenses occurred in the early morning hours of August 9, 1974. The victim testified at the trial on the first indictment that she and Tommy Baker left a bar together in the latter's car. They were parked on a dimly lit street when defendant suddenly came upon them and jerked open the car door. Both occupants were forced out of the vehicle. Baker was told to lie on the ground and the victim was ordered at gunpoint to relinquish her pocketbook. Brandishing his gun, defendant forced the victim to enter his car, lie down, and remove her clothing. Defendant's companion (Amerson), who had been waiting in defendant's vehicle, attempted to dissuade his cohort; when he was unable to do so, he got out of the car. After again threatening the victim with his gun, defendant made her engage in sexual intercourse with him.

Although Amerson did not see the sexual act or the robbery, his testimony corroborated the victim's story. He stated, however, that he never saw a gun that night.

The doctor who conducted an examination of the victim shortly after the alleged event found sperm which indicated sexual intercourse had occurred but could not document the time of the alleged rape. He also testified "there was no evidence indicating trauma that I could see." (T. 30).

Tommy Baker testified for the defense. He could not identify defendant as the person who forced him out of his car, and he was uncertain as to whether the assailant was armed with a pistol.

Defendant testified that he was sleeping at his home at the time of the alleged occurrences. He stated that Amerson has held an animosity toward him and that he did not see him during post-midnight hours of the day in

question. Defendant swore he was not the assailant and that he had never seen the victim until she picked him out of the police lineup.

## II.

If the prosecution of the defendant in the original trial had been limited to the rape charge with the mistrial having been declared because of the jury's inability to reach a unanimous verdict, then defendant could not have availed himself of the Georgia double jeopardy defense. Code Ann. § 26-507 (o) (2) (c). Our latest Supreme Court pronouncements to this effect are *Cameron v. Caldwell,* 232 Ga. 611 (208 SE2d 441), *Wood v. State,* 234 Ga. 758 (218 SE2d 47), and *Jessen v. State,* 234 Ga. 791 (1) (218 SE2d 52). See also *Harwell v. State,* 230 Ga. 480 (197 SE2d 708) and *Bush v. State,* 117 Ga. App. 310 (1) (160 SE2d 456) and citations therein.

## III.

In its brief at page 7 the state concedes the trial court's order was correct as to the dismissal of the kidnapping count contained only in the second indictment. "A prosecution is barred if the accused was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution (1) . . . was for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge) . . ." Code Ann. § 26-507 (b).

Code Ann. § 26-506 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . ." Since the kidnapping charge concerned the assailant's conduct immediately prior to the rape, the prosecutor necessarily knew of this alleged offense at the time the prosecution was commenced.

The state failed to charge this offense at defendant's initial trial and is precluded from doing so now. *Marchman v. State,* 234 Ga. 40 (215 SE2d 467).

## IV.

Central to our review of the court's order dismissing the rape count is the doctrine of collateral estoppel.

"'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U. S. 436, 443 (90 SC 1189, 25 LE2d 469). The Supreme Court held in Ashe that the Fifth Amendment guarantee against double jeopardy embodies collateral estoppel as a constitutional requirement. And the protections afforded by the double jeopardy clause are binding upon the states through the Fourteenth Amendment. Benton v. Maryland, 395 U. S. 784 (89 SC 2056, 23 LE2d 707).

Our Georgia courts applied the doctrine of collateral estoppel so as to bar a criminal prosecution long before the principal was deemed binding upon the states as a constitutional requirement. See *Harris v. State,* 193 Ga. 109 (17 SE2d 573). Additionally, the 1968 Georgia Criminal Code has embodied this concept within the provisions of Code Ann. § 26-507 (b), which reads in part: "A prosecution is barred if the accused was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution (1)... was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution."

While the collateral estoppel doctrine is firmly embedded in our judicial heritage, its application has frequently befuddled lawyers and jurists alike. Justice Potter Stewart,[1] writing for the majority in Ashe v. Swenson, supra, expounded those guiding considerations now utilized by the various courts of our federal and state governments in these words: "The federal decisions have made clear that the rule of collateral estoppel in criminal

---

[1]During the Senate hearing on confirmation of his nomination, in reply to the query as to whether he should be considered liberal or conservative, Justice-to-be Stewart answered: "I would prefer to be known as a lawyer."

cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.' [Cit.]" 397 U. S. 444.

When scrutinized, the seemingly incongruous decisions involving this issue merely reflect the unique factual context of each case. One frequently recurring situation involves a perjury prosecution following the defendant's trial and acquittal on another charge. If the particular testimony alleged to be false is as general and as broad as the charge of the crime, such as a general denial of guilt, an indictment for perjury is precluded by the jury's verdict of acquittal. Ehrlich v. United States, 145 F2d 693 (5th Cir. 1944); Youngblood v. United States, 266 F 795 (8th Cir. 1920); Chitwood v. United States, 178 F 442 (8th Cir. 1910). Thus, it has been held that following an acquittal of an adultery charge, the defendant could not be tried for perjury based upon his denial of engaging in sexual relations. Cooper v. Commonwealth, 106 Ky. 909 (51 SW 789). But an acquittal does not generally bar a perjury prosecution based upon a defendant's alibi assertion, since a jury may disbelieve his alibi testimony and still decline to convict him. Adams v. United States, 287 F2d 701 (5th Cir. 1961). "[T]he doctrine of collateral estoppel does not bar the perjury prosecution unless the issues of fact central to that prosecution were *necessarily* determined in the former trial. [cits.] Unless the record of the prior proceeding affirmatively demonstrates that an issue involved in the second trial was definitely determined in the former trial, the possibility that it may have been does not prevent the relitigation of that issue. [cit.]" United States v. Haines, 485 F2d 564 (7th Cir. 1973).

The foregoing cases illustrate that this court should sustain the order dismissing the indictment as to the charge of rape only if the record "affirmatively demonstrates" that a question of fact requiring proof as an essential element of the state's case was necessarily determined in the former trial. Defendant vigorously asserts that the court below was correct in ruling that the jury, by acquitting him of the robbery charge, "necessarily found that he did not participate in the transaction." It is argued that since defendant relied solely upon alibi and mistaken identity as his defense to the robbery charge, the jury, by its verdict, necessarily found that defendant was not the assailant.

Our inquiry must determine whether the jury could rationally have based its verdict upon an issue other than the participation of the accused in the alleged offenses. After carefully reviewing the record of the prior proceedings, we conclude that defendant's participation in the alleged crimes was not necessarily determined in the former trial. We base this conclusion upon the possibility, if not the probability, that defendant was acquitted of armed robbery due to the insufficiency of evidence as to his alleged use of a pistol. Only the victim was able to testify with certainty that she was robbed at gunpoint. State's witness Amerson stated that he never saw a gun, and Tommy Baker was uncertain as to whether the assailant possessed a weapon.

Additionally, this court will, if possible, view the verdict of the jury with respect to the two counts as a consistent one. While the possession and use of an offensive weapon is a necessary element of armed robbery, the charge of rape does not depend upon proof of this fact. Thus, a reasonable doubt as to the allegation of defendant's use of a pistol could reasonably have led the jury to the verdict rendered. If, however, we were to accept defendant's contention that the jury, by acquitting him of armed robbery, necessarily found that he did not participate in the transaction, how can one explain the jury's inability to reach a unanimous verdict as to the allegation of rape?

Our task, however, does not require us to second-guess the jurors or to speculate as to which was the

more probable factor upon which the jury based its verdict. We need only examine the record to determine "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Ashe v. Swenson,[2] supra, p. 444; United States v. Smith, 470 F2d 1299 (5th Cir. 1973). See Harris v. State, 193 Ga. 109 (17 SE2d 573) and Lindsey v. State, 227 Ga. 48 (178 SE2d 848). Since the record does not affirmatively demonstrate that the question of defendant's participation in the alleged crimes was necessarily determined adversely to the state in the previous trial, neither the doctrine of collateral estoppel nor the provisions of Code Ann. § 26-507 bar another prosecution for the crime of rape.

The judgment entered below is therefore affirmed with respect to the dismissal of the charge of kidnapping and reversed with respect to the dismissal of the charge of rape.

*Judgment affirmed in part and reversed in part. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED JUNE 25, 1975 — DECIDED OCTOBER 20, 1975.

*Richard E. Allen, District Attorney, Sam B. Sibley,*

---

[2]In Ashe, the defendant was alleged to have participated in the robbery of six poker players. At his trial involving the robbery of only one of the victims, defendant, relying upon the weakness of the state's case as to identification, offered no testimony. He was acquitted, but was subsequently tried and convicted of robbing another of the poker players. The court found the identification of defendant to be the "single rationally conceivable issue in dispute before the jury," and ruled that the prior acquittal precluded the subsequent prosecution. The situation in Ashe, involving a single crime committed upon multiple victims, is readily distinguishable from the facts herein, involving multiple crimes committed upon a single victim. See also Harris v. Washington, 404 U. S. 55 (30 LE2d 212, 92 SC 183).

*Jr., Assistant District Attorney,* for appellant.

*Harrison, Jolles & Miller, Howard S. Bush,* for appellee.