## 56390. THE STATE v. BRITTAIN.

BIRDSONG, Judge.

The appellant Brittain was arrested for driving unsafely by incautiously changing lanes while driving on an interstate highway. After he was stopped, the arresting officer determined that Brittain appeared to be under the influence of intoxicants. It is conceded by the state that the warning administered to Brittain at the time of the arrest, concerning his rights involving a breath-blood-urine test, was inadequate. Consequently, the results of the test were suppressed. The trial court refused to allow any evidence concerning Brittain's physical condition, including personal observations made by the arresting officer. In the absence of such evidence, the trial court dismissed the drunk driving offense. The state, however, accepted a plea of guilty as to the unsafe driving offense. The state now appeals the exclusion of evidence as to the appellee's state of sobriety and the consequent dismissal. *Held:*

We affirm. Code Ann. § 26-506 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution . . . ." In this case it is manifest that both offenses arose out of the same course of action and at the same time. Upon being faced with a dismissal of the drunk driving offense, the state had the option of taking an appeal from the action of the trial court while withholding

prosecution of the second offense pending the outcome of the appeal, or in the alternative, proceeding with the prosecution of the remaining offense. Having elected to proceed with the remaining offense, the state is barred from trial on the dismissed offense by virtue of the doctrine of procedural double jeopardy. *State v. Gilder,* 145 Ga. App. 731 (245 SE2d 3). Though the trial court did not dismiss the drunk driving charge upon the ground of double jeopardy, the state's election to proceed with the second offense arising out of the arrest effectively brought the doctrine of double jeopardy into play. Thus, we will apply the rule that where the action of the trial court is legally correct, the action of the trial court will be affirmed regardless of the reason assigned. *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED OCTOBER 18, 1978.

*Hinson McAuliffe, Solicitor, Richard E. Stark, Assistant Solicitor,* for appellant.

*Sams, Glover & Gentry, A. Harris Adams,* for appellee.