## 57111. THE STATE v. WILLIS.

McMURRAY, Judge.

On March 18, 1978, James Russell Willis was arrested following a high speed chase beginning in Fulton County and ending in Cobb County. He was charged in Cobb County by accusation with offenses of driving under the influence of alcohol and drugs; failing to drive the vehicle upon the right half of the roadway, that is, driving to the left of the center line while not in the act of passing; speeding in excess of 115 miles per hour, at which time the lawful speed upon the street and highway upon which he was driving was 45 miles per hour; operating a motor vehicle in this state without first obtaining a license plate to operate the same, being a resident of Georgia for a period of 30 days or more; and operating a motor vehicle without effective insurance as required by the Georgia Motor Vehicle Accident Reparations Act. He was also charged by accusations in Fulton County with multiple offenses of a misdemeanor, that is, driving under the influence of alcohol; operating a motor vehicle in such a manner upon the public highway to cause loud and disturbing noises (scratching off) in violation of a resolution of the Fulton County Commissioners; excessive and unusual muffler noise; failing to stop for a police officer when requested to do so by a uniformed officer prominently displaying his badge and in a police vehicle appropriately marked as an official police vehicle; failing to drive the vehicle on the right half of the roadway, that is, driving to the left of the center line in a no passing zone; speeding at a speed in excess of 110 miles per hour, at which time the lawful speed upon the street and highway upon which he was driving was 45 miles per hour.

On the 8th day of May, 1978 (filed on the 9th day of May) in the State Court of Cobb County, defendant waived formal arraignment and pleaded nolo contendere to the charges of "DUI, left of center, speeding 115, imp. tag, no proof of insurance." A magistrate of the State Court of Cobb County found that he had a valid insurance policy which was in effect on the date of the citation and noted, "the no proof of insurance charge is hereby reduced

to a warning." The defendant was then by court order required to attend 12 hours of instruction (Alcohol Safety Education Course), paying the cost of same of $30, given by the Georgia Safety Council.

On the 9th day of May, 1978, the defendant entered a plea in bar ("filed 5-9-78") to the charges in Fulton County of operating an automobile while intoxicated; improper acceleration; improper muffler; attempting to flee and elude police; passing on double yellow line; and speeding. The plea set forth certified copies of the multiple charges of misdemeanor to which he had pleaded nolo contendere in Cobb County and showing the punishment received, contending he was never apprehended by Fulton County officers within the boundaries of Fulton County, had been tried and punished in the State Court of Cobb County on May 8, 1978, hence the state is estopped and barred from prosecuting him in the State Court of Fulton County for the identical charges arising out of said transaction for which he has already been prosecuted in Cobb County. The prayer was that "the case be dismissed."

On the 13th day of September, 1978, after a hearing of the plea in bar on argument of counsel only, a judge of the State Court of Fulton County granted the plea. The state appeals under the authority of Code Ann. § 6-1001a (Ga. L. 1973, pp. 297, 298). *Held:*

1. The above law has been annotated in Ch. 6-10A of the Annotated Code under "Appeal by State in Criminal Cases." Code Ann. § 6-1001a (a)(c), supra, authorizes the state to appeal criminal cases in which a plea in bar has been granted when the defendant "has not been put in jeopardy . . ." or ". . .[f]rom an order. . .dismissing any indictment or information . . ."

2. Not all the charges brought against the defendant and for which he was tried in the State Court of Cobb County are the same as those with which he was charged in Fulton County; for instance, improper acceleration, improper muffler, attempting to flee and elude police and passing on a double line in the highway in a no passing zone are not the same charges against him in Cobb County. Further, the charge of no license plate and insurance are separate charges in Cobb County which were not made in Fulton County. Likewise, the charge of

passing on a double line on the highway in a no passing zone in Fulton County is entirely different from the charge of driving to the left of center line while not in the act of passing in Cobb County. Accordingly, in comparing the various charges made against him by the police in the two counties, the driving under the influence and speeding charges are the only ones with any similarity.

In *Hall v. State,* 73 Ga. App. 616 (37 SE2d 545), this court held: "[o]ne who begins the operation of his automobile in one county at a greater rate of speed than fifty-five miles per hour upon a public highway, and who voluntarily, continuously and uninterruptedly operates his automobile into or through one or more counties, is guilty of illegally operating such automobile in each county where he thus operates it." This was a two-judge decision with one dissent. Application was made to the Supreme Court of Georgia for certiorari and denied. While there is no binding precedent that this court follow the *Hall v. State* decision, nevertheless we cannot see how and why this decision should not be followed. Accordingly, the plea in bar would not prevent a charge of speeding in Fulton County. Furthermore, the evidence may show that the defendant was guilty of speeding at various and sundry times during this chase or it may be shown that his speed was excessive from the very beginning to the end so as to be continuous as shown in the *Hall* case. This court elects to follow *Hall v. State,* supra.

3. However, the offense of driving under the influence of intoxicants presents a different situation for when he was eventually arrested in Cobb County this charge arose out of the same conduct of the defendant in both counties, and a conviction in one county bars prosecution in another, the same occurring out of the same transaction. See in this connection *Brock v. State,* 146 Ga. App. 78 (245 SE2d 442); *State v. Estevez,* 232 Ga. 316, 318-319 (206 SE2d 475). See also *Keener v. State,* 238 Ga. 7 (230 SE2d 846); *Evans v. City of Tifton,* 138 Ga. App. 374 (226 SE2d 471); Brown v. Ohio, 432 U. S. 161 (97 SC 2221, 53 LE2d 187).

*Judgment reversed in part and affirmed in part. Deen, C. J., and Shulman, J., concur.*

ARGUED JANUARY 10, 1979 — DECIDED MARCH 16, 1979 —
REHEARING DENIED MARCH 29, 1979 —

*Hinson McAuliffe, Solicitor, Charles Hadaway,
Assistant Solicitor,* for appellant.
*Barnes & Browning, Roy E. Barnes, Gregory C.
Chastain,* for appellee.