## 65640. THE STATE v. STOWE.

QUILLIAN, Presiding Judge.

The defendant (appellee) was charged under a seven-count indictment involving a vehicular death which occurred on October 6, 1974. The first count of the indictment was for Murder, the remaining counts were: 2) Vehicular Homicide — First Degree, 3) Vehicular Homicide — Second Degree, 4) Reckless Driving, 5) Driving Under the Influence, 6) Leaving the Scene of an Accident, and 7) Driving Left of Center Line.

As contained in the recitation of facts of the trial judge's order, the following then transpired: "On May 13, 1982, a jury was impanelled and sworn and the defendant was placed on trial for all of these offenses. In the early stages of the trial, the defendant objected to the introduction of any evidence by the State to show that the identity of the defendant as the alleged perpetrator of these offenses was not known until December 1980, which was an attempt by the State to bring the charges alleged in Counts 2-7 of the indictment within an exception to the statute of limitations. Based on the authority of *Hollingsworth v. State,* 7 Ga. Appeals 16 (65 SE 1077), this objection was sustained; and the Court informed counsel that only the charge of Murder (Count 1) would be submitted to the jury.

"After the State's evidence had been presented, the defendant moved for a directed verdict of acquittal on the charge of murder. Argument was heard on this motion, and the Court reserved its ruling until after the jury returned its verdict.

"The charge of Murder was submitted to the jury, which became hopelessly deadlocked after deliberating approximately eight hours, and the Court declared a mistrial.

"The defendant thereupon renewed his motion for a directed verdict on the charge of Murder, and also moved for a verdict of acquittal on all the other charges in the indictment. Counsel requested and were given time to prepare and present written briefs on the questions presented."

The trial judge denied the motion for directed verdict of acquittal as to Counts 2 through 7, but granted the defendant's motion as to the First Count (Murder). The State then brought a new indictment against the defendant in which the counts were as previously listed. However, Counts 2 through 7 each contained an allegation that from October 6, 1974 until December 1980 the defendant was unknown within the meaning of Code Ann. § 26-503 (b) (now OCGA § 17-3-2).

The defendant filed a plea of former jeopardy to each of the new seven counts of the indictment. The trial judge entered an order which recognized that the State conceded that the plea was good as to Count 1 (Murder) but opposed the plea as to the other counts. In his order the trial judge sustained the plea in bar as to Counts 2 through 5 and Count 7 and denied the plea as to the Sixth Count (Leaving the Scene of an Accident). The State appeals from that portion of the order adverse to it. *Held:*

1. Appellee contends the appeal should be dismissed since the State (appellant) has no right under OCGA § 5-7-1 (Code Ann. § 6-1001a) to appeal the grant of this plea in bar.

The Georgia Supreme Court has established that the denial of a plea of former jeopardy, although technically not final within the meaning of OCGA § 5-6-34 (Code Ann. § 6-701), is treated as final and appealable. *Patterson v. State,* 248 Ga. 875, 876 (287 SE2d 7).

OCGA § 5-7-1 (3) (Code Ann. § 6-1001a) provides: "An appeal may be taken by and on behalf of the State of Georgia from the superior courts and such other courts from which a direct appeal is authorized to the Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases in the following instances: . . . From an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy."

Double jeopardy is the subject of a plea in bar, the grant of which has been considered by this Court. *State v. Tuzman,* 145 Ga. App. 481 (243 SE2d 675); *State v. Willis,* 149 Ga. App. 509 (1) (254 SE2d 743); *State v. Gilmer,* 154 Ga. App. 673 (1) (270 SE2d 25). See also *State v. Benton,* 246 Ga. 132 (269 SE2d 470).

We find no merit in appellee's motion to dismiss.

2. We now consider the merits of this appeal.

In *State v. Brittain,* 147 Ga. App. 626 (249 SE2d 679), this Court

considered facts where a defendant was arrested for driving unsafely and also charged with driving under the influence of intoxicants arising out of the same situation. The results of a breath-blood-urine test were suppressed, the trial judge refused to allow evidence in this regard to be admitted and dismissed the driving under the influence charge; the State accepted a plea of guilty as to unsafe driving. The State then appealed. This Court citing Code Ann. § 26-506 (b) (now OCGA § 16-1-7 (b)) found both offenses arose out of the same course of conduct and at the same time. It was then held: "Upon being faced with a dismissal of the drunk driving offense, the state had the option of taking an appeal from the action of the trial court while withholding prosecution of the second offense pending the outcome of the appeal, or in the alternative, proceeding with the prosecution of the remaining offense. Having elected to proceed with the remaining offense, the state is barred from trial on the dismissed offense by virtue of the doctrine of procedural double jeopardy."

The *Brittain* case, 147 Ga. App. 626, supra, is controlling here. The State was required to prosecute all the offenses in a single prosecution by OCGA § 16-1-7 (b) (Code Ann. § 26-506) and having proceeded with such prosecution as to the count involving murder the other counts are barred by procedural double jeopardy.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 13, 1983 —
REHEARING DENIED JUNE 22, 1983.

*John T. Strauss, District Attorney,* for appellant.
*Billy J. Waters, W. Don Ballard,* for appellee.

ON MOTION FOR REHEARING.

It is urged that we erred in affirming the judgment of the trial court. The contentions are considered seriatim.

The argument that this court has taken inconsistent positions by permitting the sixth count to remain while striking the others is specious. This court has not ruled upon the sixth count for the simple reason that the defendant (the one adversely affected) did not appeal that issue. Hence, the correctness of any trial court ruling regarding the sixth count is not before this court for decision.

The State urges we failed to follow *State v. Tate,* 136 Ga. App. 181 (220 SE2d 741). That decision is not contrary to our holding but a careful reading thereof shows it sustains the position taken by this court. Therein it was held that each offense arising from the same conduct must be charged at the initial trial and upon a failure to do so the State is precluded from proceeding on such charge subsequently.

*State v. Tate,* 136 Ga. App. 181, 184, supra.

Here, as required by our law, the State attempted to charge the defendant with all offenses arising out of the same conduct. However, after the trial began, counsel for defendant objected to the admission of any evidence regarding why the defendant was not charged within the statute of limitations. The trial judge recognized the well established rule that "In a criminal case, where an exception is relied upon to prevent the bar of the statute of limitations, it must be alleged and proved. Such proof is inadmissible unless the exception sought to be proved is alleged." *Hollingsworth v. State,* 7 Ga. App. 16 (1) (65 SE 1077). Accord, *McLane v. State,* 4 Ga. 335, 339 (2); *Bazemore v. State,* 34 Ga. App. 773 (131 SE 177); *Taylor v. State,* 44 Ga. App. 64, 67 (2) (160 SE 667); *State v. Tuzman,* 145 Ga. App. 481, 483 (3) (243 SE2d 675). Therefore, finding no allegations in the indictment permitting proof of an exception, he sustained the objection and permitted no evidence as to the counts other than the one charging murder.

As the transcript shows, upon ruling on the objection the trial judge stated: "There being no evidence admitted in any charge except the charge of murder, we will go forward on the charge of murder and there will be no evidence presented on counts two through seven of the indictment. . . . What I am saying in effect is there can be no verdict of guilty on counts two through seven. The only issue remaining for the jury to consider is count one, murder." He reiterated this point at the close of the evidence and then charged the jury as follows: "You are not to concern yourselves with counts two through seven because of the passage of time the Statute of Limitations of this state does not permit a prosecution of this defendant under counts two through seven of the indictment, so you are to disregard those counts entirely in your deliberation of this case and consider only the charge of murder, which is set forth in count one." It is, therefore, evident that prosecution of these counts terminated unfavorably to the State. The fact that it occurred at the end of the trial after the presentation of the evidence, rather than the beginning makes it a stronger case than *State v. Brittain,* 147 Ga. App. 626 (249 SE2d 679), but in no way diminishes the authority of that decision.

Contrary to the State's assertion, *State v. Williams,* 246 Ga. 788 (272 SE2d 725) is not controlling here since there, after the charges were dismissed, the State appealed. Here the trial was completed and the State did not appeal. We should point out that serious doubt exists as to whether the State could have appealed in view of the basis of the trial judge's ruling in the case sub judice. As noted in *Williams,* supra, the government can not appeal a directed verdict of acquittal

resting upon the evidence, even if erroneously granted.

In conclusion, and by way of summary, our Code requires that the counts in question be tried with the murder count. The State failed in its endeavor to successfully accomplish this when the trial judge did not permit the admission of evidence as to such counts and precluded their consideration by the jury while finding that the bar of the statute of limitations attached. In such posture the first trial ended. This resulted in the exclusion of such counts from any subsequent trial by the doctrine of double jeopardy.

*Motion for rehearing denied.*