67368. ZOLÚN v. THE STATE.
67369. CALHOUN v. THE STATE.
67370. PETERSON v. THE STATE.

QUILLIAN, Presiding Judge.
This is an appeal by three coindictees for perjury from denial of their pleas of double jeopardy and collateral estoppel.

Defendant Zolun was tried for murder alleged to have been committed by him in Clayton County. The first trial concluded in a mistrial and he was retried. In defense he, corroborated by several other witnesses, presented evidence of alibi by testimony that he was

in Florida when the murder occurred; vigorously attacked the credibility of the only two witnesses implicating him in the crime; and produced evidence that the victim of the murder had a bad reputation and numerous enemies. Zolun was acquitted. Thereafter, Zolun and defendants Calhoun and Peterson, who had testified that Zolun was in Florida when the murder was committed, were all indicted for perjury based on that testimony. Defendants contend on appeal that their trial for perjury is barred by collateral estoppel because the sole issue in determining Zolun's guilt or innocence was whether he was present and participating in the murder; and since the acquittal necessarily determined that he was not present, the state is estopped from litigating that factual issue again in the perjury prosecutions. *Held:*

1. We affirm.

2. Calhoun and Peterson cannot avail themselves of collateral estoppel as there is no evidence of any prior litigation between them and the state on any matter, much less on the issue alleged as perjury. OCGA § 16-1-8 (Code Ann. § 26-507); Ashe v. Swenson, 397 U. S. 436 (90 SC 1189, 25 LE2d 469). The remainder of this opinion addresses why Zolun's trial for perjury is not barred by collateral estoppel.

3. " 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U. S. 436, supra at 443. The Supreme Court held in Ashe that the Fifth Amendment guarantee against double jeopardy embodies collateral estoppel as a constitutional requirement. And the protections afforded by the double jeopardy clause are binding upon the states through the Fourteenth Amendment. Benton v. Maryland, 395 U. S. 784 (89 SC 2056, 23 LE2d 707).

"Our Georgia courts applied the doctrine of collateral estoppel so as to bar a criminal prosecution long before the principal was deemed binding upon the states as a constitutional requirement. See *Harris v. State,* 193 Ga. 109 (17 SE2d 573). Additionally, the 1968 Georgia Criminal Code has embodied this concept within the provisions of Code Ann. § 26-507 (b), [now OCGA § 16-1-8] which reads in part: 'A prosecution is barred if the accused was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution (1) . . . was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution.'

"While the collateral estoppel doctrine is firmly embedded in

our judicial heritage, its application has frequently befuddled lawyers and jurists alike. Justice Potter Stewart, writing for the majority in Ashe v. Swenson, supra, expounded those guiding considerations now utilized by the various courts of our federal and state governments in these words: 'The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." [Cit.]' 397 U. S. 444.

"When scrutinized, the seemingly incongruous decisions involving this issue merely reflect the unique factual context of each case. One frequently recurring situation involves a perjury prosecution following the defendant's trial and acquittal on another charge. If the particular testimony alleged to be false is as general and as broad as the charge of the crime, such as a general denial of guilt, an indictment for perjury is precluded by the jury's verdict of acquittal. Ehrlich v. United States, 145 F2d 693 (5th Cir. 1944); Youngblood v. United States, 266 F 795 (8th Cir. 1920); Chitwood v. United States, 178 F 442 (8th Cir. 1910). Thus, it has been held that following an acquittal of an adultery charge, the defendant could not be tried for perjury based upon his denial of engaging in sexual relations. Cooper v. Commonwealth, 106 Ky. 909 (51 SW 789). But an acquittal does not generally bar a perjury prosecution based upon a defendant's alibi assertion, since a jury may disbelieve his alibi testimony and still decline to convict him. Adams v. United States, 287 F2d 701 (5th Cir. 1961). '[T]he doctrine of collateral estoppel does not bar the perjury prosecution unless the issues of fact central to that prosecution were *necessarily* determined in the former trial. [Cits.] Unless the record of the prior proceeding affirmatively demonstrates that an issue involved in the second trial was definitely determined in the former trial, the possibility that it may have been does not prevent the relitigation of that issue. [Cit.]' United States v. Haines, 485 F2d 564 (7th Cir. 1973)." *State v. Tate,* 136 Ga. App. 181, 185-6 (220 SE2d 741) (footnote omitted).

In the instant case we have carefully reviewed the transcript of Zolun's trial for murder, which is included in the record, and find there is evidence other than alibi upon which the jury could have

based its verdict.

First, the testimony of the only two witnesses implicating Zolun in the murder was discredited by prior inconsistent statements, contradicting testimony of other witnesses, evidence of bad character and lack of veracity, evidence of bias against Zolun, or was otherwise not credible. Second, there was evidence of the victim's bad reputation and numerous enemies.

Thus, a rational jury could have found on either of the foregoing two grounds, or alibi, that the state's evidence was not sufficient to find Zolun guilty beyond a reasonable doubt. Therefore, we conclude that the issue of whether Zolun was in Florida instead of at the scene when the murder was committed was not necessarily determined by the verdict in the murder prosecution. That being so, under the authorities cited and quoted above, the doctrine of collateral estoppel does not apply and the trial court did not err in so ruling.

*Judgments affirmed. Pope, J., concurs. Sognier, J., concurs in the judgments only.*

DECIDED JANUARY 11, 1984 —
REHEARINGS DENIED FEBRUARY 2, 1984 —

*Joseph M. Todd,* for appellants.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney,* for appellee.