**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 7, 2013**

# In the Court of Appeals of Georgia

A12A2385. HASSARD v. THE STATE.

BOGGS, Judge.

Thomas Hassard appeals from his conviction for DUI less-safe. He contends that the evidence is insufficient to sustain his conviction, that the trial court erred in considering another DUI less-safe conviction as a similar transaction and erred in denying his plea in bar on double jeopardy grounds. For the following reasons, we affirm.

Construed in favor of the verdict, the evidence showed that a woman was traveling home from work around 5:15 in the evening and stopped at a red light on Haynes Bridge Road where it intersects Old Milton Parkway in Fulton County. As she was stopped at the light, another vehicle hit her from behind. She described it as just a "bump" and that the impact caused no damage to her vehicle. As the woman

called police, the driver of the other vehicle, whom she identified as Hassard, had "trouble getting out" of his vehicle. She explained that Hassard was "fidgeting and stumbling" as he got out of his vehicle and that he balanced himself by holding on to the door and the hood of his vehicle as well as her vehicle as he made his way toward her. When Hassard tapped on her window, she rolled it down slightly. Hassard asked the woman if she was "okay," and the woman told him that police were on the way. The woman explained that Hassard was "kind of slurring" and that she smelled alcohol on his person.[1] She asked the dispatcher to stay on the phone with her because she believed Hassard was intoxicated. When she told Hassard that the dispatcher advised that they pull off of the road, Hassard walked back to his vehicle. The woman pulled her vehicle into a nearby parking lot and got out of her vehicle to wait for Hassard, but Hassard drove away speeding after he saw her. The woman gave the police dispatcher Hassard's tag number and described his vehicle.

Within an hour of the incident, an investigating officer located Hassard's residence using information from his vehicle tag number. The officer left his business card when no one answered the door. Hassard later called the officer and "admitted

---

[1] In her written statement to police, the woman stated that Hassard "could hardly get out of his car," and "seemed either drugged or drunk."

2

to being involved in the hit-and-run." The officer asked Hassard to come speak with him and Hassard agreed. Shortly afterwards, however, the officer received a voicemail message from Hassard stating that "he spoke with his attorney and he would not be coming in to speak with me." The officer then took out warrants for Hassard's arrest for following too closely and hit-and-run.

During further investigation, the officer discovered that Hassard had been in a vehicle accident and charged for DUI less-safe in Gwinnett County about 54 minutes after the hit-and-run incident in Fulton County. He contacted the arresting officer and obtained a report of the Gwinnett County incident. Based upon the statement of the woman in the Fulton County hit-and-run incident, and his belief that there was not enough time for Hassard "to stop at a location to consume enough beverages to make him intoxicated between the [Fulton County] incident and [the Gwinnett County] incident," the officer took out a warrant for Hassard's arrest for DUI less-safe.

The officer that responded to the Gwinnett County incident testified that Hassard had difficulty getting out of his vehicle, was unsteady on his feet and swayed, was lethargic, didn't respond to questions quickly, was "unsure of what was going on," used his vehicle for balance, had the "odor of alcohol about his breath,"

3

and that his eyes were "glassy and bloodshot." A small bottle of vodka was found in his vehicle. The Gwinnett County officer arrested Hassard for DUI less-safe.

Hassard subsequently pled guilty to DUI less-safe to the Gwinnett County charge. After his plea, Fulton County charged Hassard by accusation with hit-and-run, following too closely, driving under the combined influence of drugs and alcohol, driving under the influence of a drug, less-safe, and driving under the influence of alcohol, less-safe.

Hassard filed a plea in bar on double jeopardy grounds seeking to preclude his prosecution for DUI less-safe in Fulton County. Prior to a bench trial, the trial court denied Hassard's plea in bar. Following the evidence presented at the bench trial, the court found Hassard guilty of driving under the influence of alcohol to the extent he was less safe and following too closely; it found him not guilty on the remaining charges.

1. Hassard argues that the trial court erred in denying his plea in bar on double jeopardy grounds.

> The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, states that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. *Brown v. Ohio*, 432 U. S. 161, 164 (97 SC 2221, 53 LE2d 187) (1977).

4

> See 1983 Ga. Const., Art. I, Sec. I, Par. XVIII. . . . It protects criminal defendants from three governmental abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.

(Citation and punctuation omitted.) *Williams v. State*, 288 Ga. 7, 8 (2) (700 SE2d 564) (2010). "The Georgia constitutional and statutory protections against double jeopardy also apply to multiple prosecutions or punishments for the 'same offense' or 'same crime,' to offenses arising from the 'same conduct' or 'same transaction,' and to 'lesser included offenses.'" (Citations and punctuation omitted.) *Shaw v. State*, 225 Ga. App. 193, 194 (1) (483 SE2d 646) (1997). "The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Citations, punctuation and footnote omitted.) *Alden v. State*, 314 Ga. App. 439, 440 (724 SE2d 451) (2012).

Here, Hassard's plea in bar claims a violation of OCGA § 16-1-7. That Code Section provides in relevant part:

> (a) When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if:

5

(1) One crime is included in the other; or

(2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

(b) If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . .

Hassard argues that the Fulton County DUI less-safe charge is barred because "both the Fulton and Gwinnett County driving under the influence charges arose from the same conduct." This court has held that "[t]he term 'same conduct' is used interchangeably with the phrase 'same transaction.' We also consider whether the offenses at issue 'arose out of one course of conduct.'" (Citations omitted.) *Dean v. State*, 309 Ga. App. 459, 460 (711 SE2d 42) (2011).

Hassard relies on *State v. Willis*, 149 Ga. App. 509 (254 SE2d 743) (1979), to support his argument that prosecution for DUI less-safe in the two different counties arose out of the same conduct and is therefore barred by double jeopardy. But in *Willis*, the defendant was arrested following a continuous high-speed chase that began in Fulton County and ended in Cobb County. Id. This court held that the DUI charge

6

arose out of the same conduct of the defendant in both counties, and that therefore the conviction in one county bars prosecution in another. Id. at 511 (3).

These facts are similar to those in *Dean*, supra. There, the defendant pled guilty to DUI and following too closely after colliding with several vehicles as she drove her vehicle a short distance down a road outside of, and then into, city limits. *Dean*, supra, 309 Ga. App. at 460. She pled guilty to the county charges and then moved to dismiss the city charges. Id. This court concluded that the defendant could not be prosecuted for the city charges because all of the offenses arose out of one course of conduct because "[t]here was no break in the action; she drove down the road, colliding with cars and committing numerous traffic violations in two jurisdictions until a final collision left her vehicle disabled." Id.

Here, however, there were two separate courses of conduct. When Hassard collided with the woman's vehicle in Fulton County, he got out of his vehicle, walked to her vehicle, had an extended conversation with her as she spoke with the police dispatcher, got back into his vehicle and began to follow her to a parking lot, but then drove away after driving back by the scene. Hassard collided with another vehicle in Gwinnett County nearly an hour later. This evidence showed that at two different times and in two different locations, Hassard drove under the influence of alcohol to

7

the extent he was less safe albeit on the same day. See *Lefler v. State*, 210 Ga. App. 609, 609-610 (1) (436 SE2d 777) (1993) (DUI and vehicular homicide prosecution in Fulton County not barred where defendant hit a pedestrian in Fulton County but was arrested and charged with DUI in Cobb County approximately four hours later). Thus, Hassard's actions in the Fulton County incident and his actions in the Gwinnett County incident were neither the same transaction nor the same conduct as contemplated by OCGA § 16-1-7 (a). Id. Jeopardy therefore did not attach, and the trial court did not err in denying Hassard's plea in bar.[2]

2. Hassard contends that the evidence was insufficient to sustain his conviction for DUI less-safe because a lay witness testified that he appeared intoxicated and the State did not show "that she had the requisite knowledge, experience or abilities to make this determination." He argues further that there was no evidence that he was operating a vehicle while intoxicated in Fulton County, no field sobriety tests were performed, and no witnesses testified that they observed him ingest alcohol.

---

[2]To the extent Hassard contends that *Lefler*, supra, and OCGA § 16-1-7 (b) are unconstitutional as applied to him, his failure to raise such argument below waives the issue on appeal. See *Gordian v. State*, 261 Ga. App. 75, 77 (3) (581 SE2d 616) (2003).

Contrary to Hassard's argument here, we have held that "[a] lay witness may testify as to the intoxication of the defendant and the extent thereof where the witness states the reasons for his opinion and shows that he did observe the defendant." (Citation and footnote omitted.) *McKay v. State*, 264 Ga. App. 726, 729 (2) (592 SE2d 135) (2003); see also *Lawrence v. State*, 157 Ga. App. 264, 264 (2) (277 SE2d 60) (1981) ("A witness who satisfactorily shows that he had opportunity to observe, and did observe, the condition of another, may testify whether that person was under the influence of intoxicants and the extent thereof, stating the facts upon which the opinion is based.[Cits.]").

Here, the woman testified that Hassard had trouble getting out of his vehicle, was "fidgeting and stumbling," had to balance himself by holding on to the hood of the both vehicles, was "kind of slurring," and smelled of alcohol. This witness stated further that she believed Hassard was intoxicated, and that she had "come across people under the influence of alcohol" many times in her life and that based on her experience, Hassard's demeanor matched that of others she had observed intoxicated. This evidence, along with the evidence that Hassard "bump[ed]" the woman's vehicle while she waited at a red light and soon after fled the scene, was sufficient to support

9

the trial court's finding that Hassard was under the influence of alcohol to the extent he was a less safe driver. See *McKay*, supra; *Lawrence*, supra.

3. Hassard contends that the trial court erred in considering the Gwinnett County incident as a similar transaction. Assuming without deciding that the Gwinnett County incident was a similar transaction, Hassard posed no objection at the bench trial to the testimony surrounding this incident and made no objection that the trial court failed to hold a similar transaction hearing pursuant to Uniform Superior Court Rule 31.3 (B). "To preserve an objection upon a specific ground for appeal, the objection on that specific ground must be made at trial, or else it is waived." (Citation, punctuation and footnote omitted.) *Scroggins v. State*, 306 Ga. App. 760, 762 (1) (703 SE2d 356) (2010); see *Frazier v. State*, 252 Ga. App. 627, 630 (3) (a) (557 SE2d 12) (2001) (we are bound to follow firm rule in Georgia jurisprudence requiring trial objection on similar transaction evidence).

*Judgment affirmed. Doyle, P. J. and Andrews, P. J., concur.*