WILLIFORD *v.* DAVIS, judge.

No. 11123. NOVEMBER 4, 1935. REHEARING DENIED NOVEMBER 16, 1935.

*Giles & Scheck,* for petitioner.

PER CURIAM. Ben C. Williford was indicted for a criminal offense, and at the trial in Fulton superior court he filed a demurrer to the indictment, which was overruled. He promptly had certified and filed his direct bill of exceptions to the overruling of the demurrer, and moved that the court grant a supersedeas to stop all proceedings until the Supreme Court should pass upon the writ of error to the overruling of the demurrer. The judge denied the request. Williford thereupon filed in this court a petition for a rule nisi against the trial judge, requiring him to show cause why a mandamus should not be issued against him to grant a supersedeas in the said case, and that on the hearing the mandamus be made absolute. The question presents a novel situation. It appears not to have been previously presented to this court, though in many civil actions it has been held that, pending an appeal on the overruling of a demurrer, the court may proceed with the trial of the case. *Montgomery* v. *King,* 125 *Ga.* 388 (54 S. E. 135); *Bandy* v. *Frierson,* 138 *Ga.* 516, 518 (75 S. E. 626); *Massachusetts Bonding Co.* v. *Realty Trust Co.,* 139 *Ga.* 180, 187 (77 S. E. 86); *Armstrong* v. *American National Bank,* 144 *Ga.* 245, 248 (86 S. E. 1087); *Lester* v. *Wright,* 145 *Ga.* 15 (88 S. E. 403), and cit. A very thorough investigation fails to disclose any case in

other jurisdictions where this question has been presented in a criminal case. The language in the cases decided by this court on the civil side is in some instances very broad, from which it might be said that no distinction is to be made in a criminal case. It has been definitely decided by the Court of Appeals in this State that the case may proceed, notwithstanding the filing of a bill of exceptions to the overruling of the demurrer. "Where the defendant in a criminal case excepts directly to the overruling of a demurrer to the accusation, and the court immediately signs and certifies the bill of exceptions, it is not error for the judge to proceed with the trial of the case without waiting for the appellate court to pass upon the validity of the demurrer." *Alumbaugh* v. *State,* 39 *Ga. App.* 559 (2), 566 (147 S. E. 714). In that case the court said: "The procedure employed in this case is new to us, but, for the purposes of this decision, we shall consider the question made by the 'demurrer to the record' as properly before this court. Of course the defendant had the right to except either pendente lite or directly to the overruling of her demurrer. She pursued the latter course. Counsel for the plaintiff in error state in their brief that the only question for determination is this: 'Did the bill of exceptions, signed and certified by the judge of the city court of Savannah on January 15th, divest that court of jurisdiction to try the defendant . . on the 18th day of January following?' This appears to be a new question as to criminal cases, but not so as to procedure in civil cases. In *Mass. Bonding & Ins. Co.* v. *Realty Trust Co.,* 139 *Ga.* 180 (2) (77 S. E. 86), where one of the defendants excepted directly to the overruling of its general demurrer to an equitable proceeding, and filed a bond payable to the plaintiff, conditioned to pay the eventual condemnation money and all future costs, the court held that the presiding judge, in the exercise of a sound discretion, could have delayed further proceedings until the Supreme Court had passed upon the demurrer, or he could have caused the case to proceed. Referring to the rights of a defendant in such a case under the Civil Code (1910), § 6138, the court said: 'He may file a bill of exceptions pendente lite, and except when the case is finally terminated, or, if he prefers, he may except directly, although the case is still pending in the trial court. In the latter event the court is not compelled to stay the further progress of the cause, and await the de-

termination of the question thus permitted to be carried up. He may do so in his discretion, but it is not a matter of right on the part of the excepting party to have it done; and if the case proceeds pending his exception, the result may be modified or upset by the ruling of this court.' See, in this connection, *Montgomery* v. *King,* 125 *Ga.* 388 (54 S. E. 135), which differentiates and limits the decision in *W. & A. Railroad* v. *State,* 69 *Ga.* 524, which is chiefly relied on by the plaintiff in error. In the absence of any authority sustaining the contention of the plaintiff in error, and in view of the decisions cited above, we hold that the court had the right to proceed with the trial of the case after the judge had signed and certified the bill of exceptions, without waiting for this court to pass upon the validity of the general demurrer to the indictment." The opinion of the Court of Appeals is sound, and the reasoning and opinion we adopt as our own. Furthermore, in a very practical way it is important that, with the court organized for the full trial of the case, it should proceed to a final determination of the cause, not only on the pleadings, but on the merits. As was said as far back as *Jordan* v. *Jordan,* 16 *Ga.* 446, and referred to many times since in the decisions of this court: "A remitted judgment of the Supreme Court is to have as much operation and effect in the lower court, when there has been no supersedeas in that court, as when there has been one." If the accused be in fact innocent, he will be afforded a hearing on that question. If it be found that he is guilty, and this court should hold that the trial judge erred in overruling the demurrer, the conviction will be set aside on the coming down of the remittitur on account of the error in overruling the demurrer.

*Application for mandamus denied. All the Justices concur, except Russell, C. J., absent because of illness.*