## 55886. BARBER v. THE STATE.

SMITH, Judge.

The trial court erroneously overruled appellant's plea of former jeopardy, and thus we must reverse appellant's conviction of simple battery.

In the Recorder's Court for the City of Albany appellant was charged with disorderly conduct. He entered a plea of not guilty to that charge, and both he and the prosecutrix presented evidence to the court. The prosecutrix then dismissed the recorder's court charge and instituted this action for simple battery in the State Court of Dougherty County. Both charges arose out of the same, allegedly criminal, conduct, the prosecutrix contending that on January 1, 1978, appellant struck her and pulled her hair.

Sec. 16-21(a) of the Code of the City of Albany, for the violation of which appellant was prosecuted in the recorder's court, provides: "Any person committing one or more of the following acts within the corporate limits of the City or police jurisdiction shall be guilty of disorderly conduct . . . (4) Striking or attempting to strike another." Ga. L. 1968, pp. 1249, 1281 (Code Ann. § 26-1304) provides: "A person commits simple battery when he . . . intentionally makes physical contact of an insulting or provoking nature with the person of another." We hold that the state court prosecution was barred by Ga. L. 1968, pp. 1249, 1267 (Code Ann. § 26-507 (b)(1)), which stipulates: "A prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution . . . was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the crime was not

consummated when the former trial began. . ." Here proof that appellant intentionally struck the prosecutrix and pulled her hair would support a conviction either of disorderly conduct or of simple battery, and each prosecution would not "require proof of a fact not required on the other prosecution." Brown v. Ohio, 432 U. S. 161 (97 SC 2221, 53 LE2d 187)(1977). See also *White v. State,* 143 Ga. App. 315 (238 SE2d 247)(1977).

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JUNE 5, 1978 — DECIDED JULY 3, 1978.

*Malone & Percilla, John Knight,* for appellant.
*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney,* for appellee.