## 57309. THE STATE v. BURROUGHS.

WEBB, Presiding Judge.

Burroughs was arrested and charged with violations of § 17-3001.10 (disorderly conduct — violent interference with another's pursuit of a lawful occupation) of the 1977 Code of Ordinances of the City of Atlanta, and Criminal Code § 26-1304 (simple battery on a police officer). After conviction of the city ordinance violation, the municipal court bound over the other charges to the State Court of Fulton County. Prior to trial his appointed attorney filed and argued a motion to dismiss based upon double jeopardy, which was denied at the close of the evidence. After return of verdicts of guilty the defendant orally moved to set aside the verdicts and for acquittal on the same grounds of double jeopardy. The court heard argument and took the case under advisement. Subsequently, concluding that under the facts of this case the simple battery was included in the charge and proof of the disorderly conduct, and therefore "in this sense an included crime as described in Code § 26-505 (a)," it granted the motion and the state appeals. We affirm.

1. We agree that under the facts of this case — that is, the hitting and kicking of the police officer by Burroughs — based on the representations of the state and the evidence produced at the state court trial, the acts of violence required to be proved in the municipal court violation of the city ordinance were the acts constituting the simple battery on the police officer. Consequently, the simple battery charge became a crime included in the municipal court prosecution, for which more than one conviction is prohibited by Code Ann. § 26-506 (a) (1).

In addition, Code Ann. § 26-506 (a) (2) provides that an accused may not be convicted of more than one crime if "the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Under Code Ann. § 26-1304, "A person commits simple battery when he either (a) intentionally makes physical contact of an insulting or provoking nature with the person of another or (b) intentionally causes physical harm to another." The Atlanta disorderly conduct ordinance sets forth 13 specific instances of prohibited conduct, most of which would constitute simple battery.[1]

Finally, Code Ann. § 26-507 bars second prosecutions for the same conduct as a procedural matter so as to prevent undue harrassment or threat. See *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974). Thus Code Ann. § 26-507 (b) (1) would bar further prosecution since proof that Burroughs struck and kicked the police officer "would support a conviction either of disorderly conduct or of simple battery, and each prosecution would not 'require proof of a fact not required on the other prosecution.' [Cits.]" *Barber v. State,* 146 Ga. App. 523, 524 (246 SE2d 510) (1978).

The state argues that a violation of a municipal

---

[1]The question of whether the ordinance violates the uniformity clause of the Georgia Constitution (Art. I, Sec. II, Par. VII; Code Ann. § 2-207) or Code Ann. § 69-1018 (2) has not been raised and therefore cannot be considered here. Cf. *Lambert v. City of Atlanta,* 242 Ga. 645 (1978).

ordinance is not a crime as defined by Criminal Code § 26-201[2] and cannot be used to invoke double jeopardy prohibitions to prosecution. In *Waller v. Florida,* 397 U. S. 387 (90 SC 1184, 25 LE2d 435) (1970) the Supreme Court considered the asserted power of two courts within one state to place the accused on trial for the same alleged crime. The Florida District Court of Appeals had rejected the appellant's argument that he had twice been put in jeopardy because prior to his conviction of grand larceny in the state court he had been convicted by the municipal court of an included offense. Noting that the Florida Constitution declared that the judicial power of the state was vested "in a supreme court . . . and such other courts, *including municipal courts* . . . as the legislature may from time to time ordain and establish" the court held that "a 'dual sovereignty' theory is an anachronism, and the second trial constituted double jeopardy violative of the Fifth and Fourteenth Amendments to the United States Constitution." 397 U. S. at 393 and 395.

In Georgia the judicial powers of the state are also vested in a Supreme Court "and such other courts as have been or may be established by law." Ga. Const. Art. VI, Sec. I, Par. I (Code Ann. § 2-3001), and "the power to create local city courts is recognized in the constitution." *Clark v. Eve,* 134 Ga. 788, 789 (4) (68 SE 598) (1910). Moreover, "Georgia courts have long recognized that a person may not be convicted by both the State and a municipality for the same crime. *Menken v. City of Atlanta,* 78 Ga. 668 (2 SE 559); *Callaway v. Mims,* 5 Ga. App. 9 (62 SE 654); *Morris v. State,* 18 Ga. App. 684 (90 SE 361); *Watkins v. Simmons,* 179 Ga. 162 (175 SE 493). The test for determining if there is a fatal identity between the crime and the ordinance is whether the ordinance contains an ingredient or element, essential to the city's peace but not essential to the State offense, or if the offense created by the ordinance lacks some element essential to the State crime. *Menken v. City of Atlanta,* supra; *Morris v. State,*

---

[2]"No conduct constitutes a crime unless it is described as a crime in this Title or in another statute of this State . . . ."

supra." *Barrett v. State,* 123 Ga. App. 210, 211 (180 SE2d 271) (1971).

The state's argument here was not even raised in *Barber v. State,* 146 Ga. App. 523, supra, which involved a double jeopardy defense to charges of disorderly conduct in the Recorder's Court of the City of Albany and simple battery in the State Court of Dougherty County, and we find it to be without merit.

2. The state also insists that we should reverse because a motion to set aside a verdict is inappropriate in a criminal case. As noted above, a hearing on Burroughs' motion to dismiss preceded the trial and it was denied. The motion was renewed immediately following the verdict, and again denied. After the oral motion to set aside, the court studied for several days arguments and citations, which were based on the same grounds advanced in the motion to dismiss. Concluding that the motion to dismiss had been meritorious, the motion to set aside was granted. In such a case we will apply the rule that where the action of the trial court is legally correct, it will be affirmed regardless of the reason assigned. *State v. Brittain,* 147 Ga. App. 626 (249 SE2d 679) (1978).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED FEBRUARY 6, 1979 — DECIDED FEBRUARY 22, 1979 — REHEARING DENIED MARCH 1, 1979 —

*Hinson McAuliffe, Solicitor, Charles Hadaway, Assistant Solicitor,* for appellant.
*Steve W. Reighard,* for appellee.