## 57114. FAVORS v. THE STATE.

Shulman, Judge.

Defendant was charged with two counts of entering an auto. See Code Ann. § 26-1813.1. A jury found him guilty of criminal trespass under both counts. See Code

Ann. § 26-1503 (b) (1). This appeal follows.

1. Appellant urges that the evidence fails to support the conviction of criminal trespass as to Count 1. We disagree.

A. Appellant's assertion to the contrary notwithstanding, the testimony of the car owner was sufficient to show that the accused entered the vehicle in question without authority. That the owner of the car may not have "cared" about the entry after such entry was made does not refute prior testimony concerning lack of authority.

B. Appellant observes that the jury verdict acquitting him of entering an auto necessarily included a determination that appellant did not enter the automobile with the intent to commit a theft or felony. See Code Ann. § 26-1813.1. Appellant submits that this jury verdict coupled with the lack of admissible evidence as to any unlawful purpose other than a theft or felony require a finding that the verdict was without evidentiary support. We disagree.

Appellant requested the charge on criminal trespass. This being so, appellant may not rely on the jury verdict acquitting him of entering an auto. As the evidence would have authorized a conviction for entering an auto (see Division 2 as to the evidence authorizing a conviction), it cannot be said that the verdict of guilty as to criminal trespass is without evidentiary support. *Partee v. State,* 19 Ga. App. 752 (3, 4) (92 SE 306). Compare *Conley v. State,* 146 Ga. App. 739 (247 SE2d 562), holding that where the state failed to present evidence authorizing a conviction for any offense, a conviction on a lesser charge requested by the accused was subject to reversal on evidentiary grounds.

2. Appellant asserts that the trial court erred in admitting evidence of another offense allegedly committed by the accused when the accused had not been charged with that offense. The testimony which appellant finds objectionable established that the accused was seen exiting from a car immediately prior to entering the vehicles which were the subjects of Counts 1 and 2 of this case. The owner of the car testified that the accused had not been given permission to enter the car, that the

contents of a purse, as well as papers which were in the car, had been scattered about the car, and that a bottle of beer had been taken from the car. (An open bottle of beer was found in one of the cars that appellant was charged with entering.) Based on the contention that subsequent prosecution for the alleged independent crime is barred under § 26-506(b), appellant urges that the state should be similarly barred from introducing evidence of the alleged offense. We must refuse to follow appellant's urgings.

Although Code Ann. § 26-506 does require a single prosecution of known crimes arising from the same conduct (see, e.g., *Jarrell v. State,* 234 Ga. 410 (1) (216 SE2d 258)), it does not contain an exclusionary rule concerning evidence of crimes which are not subject to prosecution. We refuse to engraft such a rule on the statute. As the evidence complained of here was admissible (see, e.g., *Bell v. State,* 234 Ga. 473 (1) (216 SE2d 279); *Foster v. State,* 230 Ga. 666 (198 SE2d 847)), this enumeration affords no grounds for reversal.

*Judgment affirmed. Deen, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED APRIL 4, 1979.

*J. H. Affleck,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.