### 34916. THE STATE v. BURROUGHS.

HALL, Justice.

Burroughs was convicted in Atlanta Municipal Court of disorderly conduct.[1] He was later convicted in the State Court of Fulton County of simple battery[2] and refusal to disperse.[3] Both the municipal and state convictions were supported by the same evidence which established that Burroughs and some friends were gathered on the street, that Burroughs refused to leave when asked to do so by a police officer and that he then hit and kicked the police officer. Burroughs interposed a plea of double jeopardy at the second prosecution, contending that the prosecution was barred either by the statutory provision against double jeopardy, Code Ann. Ch. 26-5, or by the constitutional double jeopardy prohibition. The trial court reserved decision until after trial and then set aside Burroughs' simple battery conviction but not his

---

[1]1977 Atlanta Code of Ordinances § 17-3001.10 provides that a person "who shall by acts of violence interfere with another's pursuit of a lawful occupation" is guilty of disorderly conduct.

[2]Code Ann. § 26-1304 provides, "A person commits simple battery when he either (a) intentionally makes physical contact of an insulting or provoking nature with the person of another or (b) intentionally causes physical harm to another. A person convicted of a simple battery shall be punished as for a misdemeanor."

[3]Code Ann. § 26-2606 provides, "A person in a gathering who refuses to obey the reasonable official request or order of a peace officer or fireman to move for the purpose of promoting the public safety by dispersing those gathered in dangerous proximity to a fire or other emergency, is guilty of a misdemeanor."

conviction for refusal to disperse. The Court of Appeals affirmed, finding a statutory double jeopardy bar to the prosecution and punishment for simple battery. We granted certiorari and find that Georgia's double jeopardy statute is inapplicable to successive municipal and state court prosecutions. Where successive municipal and state prosecutions are involved, a criminal defendant's rights are controlled solely by the State and Federal Constitutions. No constitutional bar to the second prosecution and punishment exists in this case.

1. Code Ann. § 26-601 defines a crime as a "violation of a statute of this State . . ." The Committee Notes state that the section eliminates the possibility of confusion as to what conduct is a crime within the meaning of the Code by making it clear that the Code refers only to violations of 'a statute of this State,' thereby excluding municipal ordinances and administrative regulations." We conclude that in creating the expanded statutory protection against being twice placed in jeopardy for the same offense, *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974), the legislature intended those statutes, Code Ann. §§ 26-505, 26-506 and 26-507, to affect only successive prosecutions for state crimes and not successive state and municipal prosecutions. The trial court and the Court of Appeals thus erred in applying the statutory double jeopardy provisions to this case.

2. The state contends that because violation of a municipal ordinance is not a crime under Code Ann. § 26-601 for statutory double jeopardy purposes, violation of a municipal ordinance is not a crime for constitutional double jeopardy purposes. We disagree. The constitutional guaranty that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb" cannot be defeated by statutory terminology. "[T]he risk to which the term jeopardy refers is that traditionally associated with 'actions intended to authorize criminal punishment to vindicate public justice.' " Breed v. Jones, 421 U. S. 519, 529 (1975). Although the Criminal Code may deal only with violations of the laws of the state, violations of municipal ordinances are criminal offenses for constitutional purposes. See *Pearson v. Wimbish,* 124 Ga. 701 (2) (52 SE 751) (1905). Because conviction of

violation of a municipal ordinance subjects a person to stigma and punishment by incarceration or fine, Breed v. Jones, supra, a defendant prosecuted in a municipal court proceeding is in "jeopardy" in the constitutional sense. Robinson v. Neil, 409 U. S. 505 (1973); Waller v. Florida, 397 U. S. 387 (1970).

3. The constitutional prohibition is against being twice placed in jeopardy for the "same offense." As the United States Supreme Court has stated, "The identity of offenses is, therefore, a recurring issue in double jeopardy cases . . ." United States v. Ewell, 383 U. S. 116, 124 (1966).

"The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in Blockburger v. United States, 284 U. S. 299, 304 (1932): 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . .' " Brown v. Ohio, 432 U. S. 161, 166 (1977).

We turn then to examine the proof required by the two offenses of which Burroughs was convicted. The municipal ordinance punishes a person "who by acts of violence interfere[s] with another's pursuit of a lawful occupation." We construe "acts of violence" broadly to reach not only violent action directed against persons, like assault or battery, but also violent action directed against property if the result is that the action interferes with another's pursuit of a lawful occupation. Slashing the tires of the milkman's truck and cutting the water hose used by the firefigher are but two examples of violent acts directed against property which interfere with another's pursuit of a lawful occupation. Under this construction, proof of interference with another's pursuit of a lawful occupation is critical to proof of violation of Section 10 of the municipal ordinance. This element is, however, missing from the offense of simple battery. Simple battery requires proof of either intentional infliction of physical harm to another or intentional offensive contact with the person of another. The

requirement of proof of physical harm or of offensive contact is wholly missing from the proof required for disorderly conduct. Thus, "each provision requires proof of a fact which the other does not," Brown v. Ohio, supra, and the two convictions do not impermissibly involve the "same offense" for federal constitutional purposes.

Appellant has asked that we disapprove *Barber v. State,* 146 Ga. App. 523 (246 SE2d 510) (1978), which upheld Barber's plea of former jeopardy to a simple battery prosecution under Code Ann. § 26-1304 following prosecution in municipal court for disorderly conduct. *Barber* is overruled insofar as it implies that the statutory double jeopardy provision controls the issue of successive state and municipal prosecutions. We note, however, that the disorderly conduct ordinance punished "striking or attempting to strike another," which is essentially assault or simple battery. Thus, disorderly conduct was the same offense as simple battery, Brown v. Ohio, supra, for which successive prosecutions and multiple punishments are forbidden as a matter of federal constitutional law. Waller v. Florida, supra.

The opinion of the Court of Appeals which upheld appellee's double jeopardy claim is reversed.

*Judgment reversed. All the Justices concur, except Hill, J., who dissents.*

ARGUED JUNE 12, 1979 — DECIDED SEPTEMBER 5, 1979 — REHEARING DENIED SEPTEMBER 25, 1979.

*Hinson McAuliffe, Solicitor, Charles Hadaway, Assistant Solicitor,* for appellant.
*Steven W. Reighard,* for appellee.
Christopher Burroughs, *pro se.*

HILL, Justice, dissenting.

This defendant struck and kicked a policeman. For this he was convicted twice, once for disorderly conduct in municipal court and later for simple battery in state court. I dissent on the basis of Brown v. Ohio, 432 U. S. 161 (97 SC 2221, 53 LE2d 187) (1977), and In re Nielsen, 131 U. S. 176 (9 SC 672, 33 LE 118) (1889).

In Brown v. Ohio, supra, it was held that after a person has been convicted of one offense, the double jeopardy clause bars prosecution for a greater offense of which the first was a lesser included offense (unless additional facts have occurred or have been discovered). Specifically, the court held that conviction of the crime of joyriding precluded a subsequent prosecution for auto theft, joyriding being a lesser included offense under auto theft.

Subject to two decisional exceptions (Ashe v. Swensen, 397 U. S. 436 (90 SC 1189, 25 LE2d 469) (1970), and In re Nielsen, supra), the court in Brown reaffirmed the Blockburger test, to wit: " 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . .' " Brown v. Ohio, 432 U. S. at 166, quoting Blockburger v. United States, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932).

Brown v. Ohio, not Blockburger, is applicable here. The Atlanta Code proscribes the following as disorderly conduct: "Any person who shall by acts of violence interfere with another's pursuit of a lawful occupation . . ." 1977 Atlanta Code of Ordinances 17-3001.10.[1] Our Criminal Code defines simple battery as follows: "A person commits simple battery when he either (a) intentionally makes physical contact of an insulting or provoking nature with the person of another or (b) intentionally causes physical harm to another." Code Ann. § 26-1304.

Here, oddly, simple battery is the "lesser offense" in that the crime of disorderly conduct requires proof of a fact that the crime of simple battery does not; to wit: interference with another's pursuit of a lawful occupation. However, aside from this difference, the crime of simple battery requires proof of no fact that disorderly

---

[1]Other provisions of the Atlanta Code, e.g., § 17-3001.1, make it clear that "acts of violence" as used in § 17-3001.10 are more than simple assaults.

conduct does not. The "acts of violence" necessary to prove disorderly conduct were the same here as the intentional physical contact or harm necessary to prove simple battery. Hence, Brown v. Ohio bars reprosecution here.

Moreover, In re Nielsen, supra (the Blockburger exception), bars reprosecution here. Insofar as pertinent, Nielsen was living in Utah while it was still a territory and where Congress was suppressing polygamy. He was convicted in district court of the crime of cohabiting with more than one woman. Later he was convicted of committing adultery with one of the women he had been cohabiting with, it being alleged in the indictment that he was married to another woman. The Supreme Court found double jeopardy. In order to prove the crime of cohabiting, it was necessary to prove "living together," yet it was not necessary to prove "living together" in order to prove adultery. And, in proving adultery, it was necessary to prove that marriage to another existed, although it was not necessary to prove marriage to prove cohabiting. Thus, each crime required proof of facts that the other did not (living together in the one crime, and marriage in the other crime).

Even though the later Blockburger test was technically satisfied, double jeopardy nevertheless was found. This was so because, in those successive prosecutions, the court found sexual intercourse, living together and marriage to be elements of both crimes — adultery and cohabiting. That is to say, even where each crime requires proof of a fact that the other does not, double jeopardy attaches on a successive prosecution where each crime admits (and the state relies upon) proof of the disparate required fact as proof of the other required fact; i.e., the disparate facts of marriage to one person and sexual intercourse with another, albeit not required to prove unlawful cohabitation, were admissible as proof in the unlawful cohabitation case.

In the case before us, the proof of acts of violence (striking a policeman) in the disorderly conduct case (even if it could be said that such proof was not required in the simple battery case) was admissible and was utilized as proof of intentional physical contact or harm in the later battery case, and thus the Nielsen principle was

violated.

I therefore dissent on the grounds of Brown v. Ohio and In re Nielsen, supra.