*Wallace H. Pilcher,* for appellant.
*John R. Murphy III,* for appellee.

67099. In re T. E. D.

SHULMAN, Presiding Judge.

In an earlier decision, we remanded this case to the trial court with direction that the trial court's findings of fact and conclusions of law made pursuant to OCGA § 15-11-33 (a) (Code Ann. § 24A-2201) be reduced to writing. See *In re T. E. D.,* 166 Ga. App. 322 (303 SE2d 777). The trial court having complied, we now turn to the merits of the case.

A hearing on the petition alleging delinquency was held on August 20, 1982, pursuant to OCGA § 15-11-26 (Code Ann. § 24A-1701). At the conclusion of the hearing, the trial court found the juvenile had committed several traffic offenses, aggravated assault on a police officer and a homicide, and concluded that the child, having committed a designated felony under OCGA § 15-11-37 (Code Ann. § 24A-2302a), was delinquent and "in need of supervision and treatment." On September 1, 1982, a hearing was held on the state's petition to transfer the case to the jurisdiction of the superior court where the child might be tried for the murder of the man killed in the high-speed automobile chase referred to in our opinion at 166 Ga. App. 322. Counsel for the juvenile objected to the proceedings, contending that the prosecution of the youth in superior court would violate OCGA § 16-1-7 (Code Ann. § 26-506) and place him in double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution (Code Ann. §§ 1-805 and 1-815 et seq.). Upon the denial of his plea in bar and objection to the transfer, counsel presented the trial court with a notice of appeal from the adverse decision on the double jeopardy issue, and asked the court to terminate the transfer hearing pending the outcome of the appeal. The trial court refused, the transfer hearing was held, and the case against the juvenile was ordered transferred to the superior court. The juvenile now appeals from the denial of his plea in bar and the trial court's refusal to terminate the transfer hearing upon presentation of the notice of appeal.

1. "[A]n order denying a plea of double jeopardy is appealable... under [OCGA § 5-6-34 (Code Ann. § 6-701)], where the plea was filed sufficiently in advance of trial so as not to constitute a delaying

device." *Patterson v. State,* 248 Ga. 875, 877 (287 SE2d 7). "[A]n appeal may be taken to the Supreme Court or the Court of Appeals by filing with the clerk of the court wherein the case was determined a notice of appeal." OCGA § 5-6-37 (Code Ann. § 6-802). There is nothing in the record to indicate that such action was taken by counsel for the juvenile. Instead, the transcript of the transfer hearing reflects that counsel attempted to submit a notice of appeal to the trial court. " 'It is essential to the filing of a paper in a clerk's office that the same be either lodged in his hands or with his knowledge placed in his office and under his charge.' [Cit.] . . . Since the appeal may be taken by filing the notice with the clerk of the court wherein the [decision] was rendered it must follow that it may not be done by filing the notice somewhere else . . . An appeal or notice of appeal filed anywhere other than where the law directs that it be filed is ineffective." *Bailey v. Bonaparte,* 125 Ga. App. 512, 514-515 (188 SE2d 119). Thus, the announcement by counsel of his intent to appeal the denial of his plea of double jeopardy did not require the trial court to terminate the proceedings.

2. However, the trial court did err when it denied T. E. D.'s plea in bar and objection to the transfer. OCGA § 15-11-39 (a) (Code Ann. § 24A-2501) permits the transfer of a case involving a juvenile from the juvenile court system *before hearing the merits of the petition alleging delinquency.* This statutory scheme is in accord with the decision of the U. S. Supreme Court in Breed v. Jones, 421 U. S. 519 (95 SC 1779, 44 LE2d 346). In that case, the court held that a juvenile is put in jeopardy at a juvenile court proceeding whose objective is to determine whether the youth has committed a violation of criminal law, and that transfer from the juvenile court system and prosecution of the youth as an adult after an adjudicatory hearing in juvenile court violates the double jeopardy clause of the Fifth Amendment (Code Ann. § 1-805). The Supreme Court did not condemn the transfer of a youth to state court to be tried as an adult, but suggested that the transfer hearing be conducted prior to the adjudicatory hearing. 421 U. S. at 536. Such is the procedure outlined in OCGA § 15-11-39 (a) (Code Ann. § 24A-2501). However, that procedure was not followed in the case at bar. The trial court's findings of fact and conclusions of law from the August 20 hearing conclusively establish that the hearing was one at which it was determined that the youth had violated criminal law and was delinquent and in need of supervision and treatment. Thus, an adjudicatory hearing was held prior to the commencement of the transfer proceedings (OCGA § 15-11-33 (a) (Code Ann. § 24A-2201)), and the attempt to transfer the juvenile to superior court after the adjudicatory hearing violated OCGA § 15-11-39 (a) (Code Ann. § 24A-2501) and placed the juvenile

in jeopardy twice, in violation of the Fifth and Fourteenth Amendments (Code Ann. §§ 1-805 and 1-815 et seq.).

The state argues that Breed v. Jones, supra, does not forbid all transfers of youths after a finding of delinquency. The Supreme Court stated that "[i]f there is to be an exception to that [constitutional protection against a second trial] in the context of the juvenile-court system, it must be justified by interests of society, reflected in that unique institution, or of juveniles themselves, of sufficient substance to render tolerable the costs and burdens, noted earlier, which the exception will entail in individual cases." Id., 421 U. S. at 534-535. While the Supreme Court did leave open the possibility of an exception to the general rule it laid down, it has not seen fit to further define that exception, and we do not deem this case one in which we should attempt to carve such an exception. Even if we decided otherwise, thereby holding that the procedure followed in this case was not violative of the double jeopardy clause, it still was in violation of the statutory scheme set up by our legislature, and we cannot condone such action. Therefore, we must hold that the trial court erred when it denied T. E. D.'s plea in bar and objection to transfer to superior court.

From a perusal of the record, we are aware that the youth has been found to be delinquent and in need of treatment (OCGA § 15-11-33 (a) (b) (Code Ann. § 24A-2201)) and has been held in the Rome Regional Youth Development Center since August 10, 1982. However, the record does not contain an order of disposition. OCGA § 15-11-35 (Code Ann. § 24A-2302). Therefore, the trial court is directed to retain its jurisdiction of the child and enter an order of disposition best suited to the treatment, rehabilitation, and welfare of the youth.

*Judgment affirmed in part and reversed in part. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 3, 1984.

*Ralph L. Van Pelt,* for appellant.
*Arthur E. Mallory III, District Attorney,* for appellee.