69003. SMITH v. THE STATE.
(327 SE2d 839)

BIRDSONG, Presiding Judge.

The appellant Christopher David Smith, now fourteen years old, appeals the superior court's denial of his plea in bar to his trial for the capital offense of armed robbery. (He was tried and found guilty of the offense.) The plea is grounded in the contention that double jeopardy attached when charges against Smith for motor vehicle theft were heard in juvenile court four days before the superior court trial.

The crimes with which appellant was charged occurred March 3, 1984. In the early morning hours, appellant escaped from hospital detention in Douglas County and, at approximately 7:00 a.m., stole a pick-up truck. About an hour later, appellant went into a country store and, using a gun he had found in the truck, shot the storekeeper in the back. Unable to open the cash register himself, appellant forced the wounded storekeeper to open it, and was in the process of taking money from it when a customer entered. The customer quickly withdrew from the store; he and his companions saw the appellant run outside and copied the truck's tag number as appellant drove off. The stolen truck was found, and appellant was arrested, by an officer who answered the armed robbery call.

Two days later, on Monday, March 5, felony warrants were issued charging appellant with armed robbery, aggravated assault and motor vehicle theft. At a committal hearing on Tuesday, appellant and

counsel were advised that the state would seek an indictment for armed robbery, that being the only offense charged of which the superior court had concurrent jurisdiction with the juvenile court (see OCGA § 15-11-39). The superior court judge accepted jurisdiction of the armed robbery offense. The following day, March 6, appellant was taken before the juvenile court and charged with motor vehicle theft. On March 12, appellant was indicted for armed robbery. On March 15, the juvenile court called the case and continued it until March 29, and again at appellant's request until April 12, when the motor vehicle theft charge was heard and found true, although an adjudication of whether appellant was "delinquent" was reserved until a later date. At this juvenile hearing, the court, over objection, heard evidence of the entire sequence of events, including the armed robbery. The plea in bar was filed April 13. The armed robbery trial was called in superior court on April 16 and the double jeopardy plea denied. *Held*:

1. The state argues in effect that this case has exposed a serious defect in the Georgia law which forces the state to proceed in two separate actions, where the superior court first acquired jurisdiction of one offense and left the other offenses to the juvenile court, which juvenile proceedings were under strict time limitations which only the appellant could waive or control, if we hold that the juvenile hearing threw the appellant into jeopardy and foreclosed the superior court from exercising its jurisdiction to try the appellant for the capital offense. Obviously, those circumstances present a problem wherever two courts with concurrent jurisdiction seek to prosecute for the *same conduct*. See, e.g., *Brock v. State*, 146 Ga. App. 78, 80-81 (245 SE2d 442); and see *In re T. E. D.*, 169 Ga. App. 401 (312 SE2d 864). But in this case, the offense of armed robbery tried by the superior court and the offense of theft of motor vehicle heard by juvenile court, clearly did not arise from the "same conduct" (OCGA § 16-1-8 (b) (1)) and, moreover, each prosecution required proof of facts not required for the other. Id. The superior court was careful to assume jurisdiction over nothing but the armed robbery of the storekeeper; the juvenile court was equally careful in assuming jurisdiction of the motor vehicle theft and eschewing jurisdiction of the aggravated assault of the storekeeper. The prosecutions were not "successive prosecutions" barred by OCGA § 16-1-8, and it follows that they were not "multiple prosecutions" barred by § 16-1-7. See *Brock v. State*, supra; see also *State v. Estevez*, 232 Ga. 316, 318 (206 SE2d 475).

This case is distinctly different from *McCrary v. State*, 171 Ga. App. 585 (320 SE2d 567), affirmed 253 Ga. 747 (325 SE2d 151), in which the entire series of offenses were part of one continuing and related transaction, all involving the same conduct of that appellant in attempting to elude the police. There is nothing connecting the motor vehicle theft and the armed robbery in this case, except the

immaterial fact that appellant arrived at and left the scene of the armed robbery in a stolen vehicle. Distinctly different criminal intent is involved in each offense, with any distinctly different conduct involving different victims and different witnesses. Proof of each did not require proof of the other. *Brock v. State*, supra. We reject any contention that when one steals a vehicle, every act however unrelated and independent which he commits while in possession of that vehicle is, by virtue of that single fact, of the same conduct and same continuing transaction as the theft of the vehicle. *The offense of motor vehicle theft had already been completed when the offense of armed robbery was committed. Breland v. State*, 135 Ga. App. 478, 479 (218 SE2d 153).

The fact that the juvenile court did not have jurisdiction of the armed robbery did not preclude it from receiving evidence of it in connection with the motor vehicle theft and the series of transactions which led to appellant's capture. See *Favors v. State*, 149 Ga. App. 563 (254 SE2d 886).

2. The appellant filed his plea in bar on April 13 and the superior court armed robbery trial was called April 16, whereupon appellant's plea was denied. This notice of appeal was filed that day. In proceeding to trial on April 18, the trial court ruled that "the *appeal* has not been filed sufficiently in advance of trial so as not to constitute a delaying tactic." (Emphasis supplied.) We think it obvious that by this the trial court intended to track the language in *Patterson v. State*, 248 Ga. 875, 877 (287 SE2d 7), that an order denying a plea of double jeopardy is directly appealable (which appeal therefore acts as automatic supersedeas) under OCGA § 5-6-34, "where the *plea* was filed sufficiently in advance of trial so as not to constitute a delaying device." (Emphasis supplied.) Interpreting the ruling to refer to "appeal" instead of "plea" makes no sense. In any case, we find no harm, either in the trial court's stated reason for proceeding to trial without supersedeas or in the apparent ruling that the "plea" was a delaying device, since we have heard the plea on its merits and find no merit in it. *Murff v. State*, 165 Ga. App. 808, 811-812 (302 SE2d 697), reversed on other grounds, *Murff v. State*, 251 Ga. 478 (306 SE2d 267).

*Judgment affirmed. Carley, J., concurs. Beasley, J., concurs specially.*

DECIDED MARCH 8, 1985.

*Reuben M. Word*, for appellant.
*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.

BEASLEY, Judge, concurring specially.

In order to provide full protection against double jeopardy, the law provides that a defendant may file a direct appeal from a denial of such a plea in bar "where the plea was filed sufficiently in advance of trial so as not to constitute a delaying device." *Patterson v. State*, 248 Ga. 875, 877 (287 SE2d 7) (1982). It is in this sense regarded as a final judgment falling within the scope of OCGA § 5-6-34 (a) (1). See also *Rogers v. State*, 166 Ga. App. 299 (304 SE2d 108) (1983); *McCannon v. State*, 168 Ga. App. 471 (309 SE2d 636) (1983); cf. *Williford v. Davis*, 181 Ga. 411 (182 SE 511) (1935).

In *Patterson v. State*, supra, the Georgia Supreme Court held that appeals from orders denying pleas of double jeopardy are directly appealable under Code Ann. § 6-701 (a) (now OCGA § 5-6-34 (a) (1)) which provides: "(a) Appeals may be taken . . . from . . . (1) All final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35."[1] The law further provides that the notice of appeal serves as a supersedeas in criminal cases "where a sentence of death has been imposed or where the defendant is admitted to bail." OCGA § 5-6-45. Although neither instance is present here, the rationale expressed in *Patterson* for allowing direct appeal in double jeopardy denials supplies the necessity for the notice of appeal to act as supersedeas in such cases also. Otherwise, proceeding with the trial would impose and constitute a significant portion of the very harm which defendant's plea, if valid, is designed to prevent. Thus as in civil cases, the notice of appeal would supersede the judgment appealed but would not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal. *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982). See also *Walker v. Walker*, 239 Ga. 175 (236 SE2d 263) (1977): "a notice of appeal to a final judgment deprives the trial court of jurisdiction to take further proceedings towards the enforcement of the judgment superseded." Obviously, trying defendant would avoid the double jeopardy bar, if there was one.

The notice of appeal was filed as soon as the court denied the plea in bar and on the same day, i.e., April 16, 1984.

Defendant proceeded with a direct appeal. The State argues that defendant had no right to appeal because the trial court found that the plea of double jeopardy was not filed sufficiently in advance of trial so as not to constitute a delaying tactic. The court, however, made no such finding. What is stated in its April 18 order, after noting that the defendant had filed a notice of appeal, was that "the *appeal* has not been filed sufficiently in advance of trial so as not to

---

[1] The latter section does not apply here.

constitute a delaying tactic." (Emphasis supplied.) Thus, it does not make a finding that the *plea* was interposed for delay.

Even if we were to read the order as relating to the plea itself rather than the appeal from its denial, the record shows that the plea was filed promptly. The day after the juvenile court hearing on April 12 at which it found beyond a reasonable doubt that defendant had engaged in conduct which constituted motor vehicle theft, defendant filed his plea in bar in the superior court. Even though the juvenile court expressly withheld adjudication of delinquency as well as disposition if determined delinquent, defendant apparently felt he had to file the plea immediately, in order to prevent the superior court trial on armed robbery, because it was imminent and the juvenile proceedings were reset for final hearing until May 10. (The latter apparently never transpired.)

Thus it appears that the appeal should have been decided before the trial proceeded, so as to preserve a significant aspect of the remedy which attaches to a valid double jeopardy plea, i.e., the prevention of successive prosecution.

But here, as it turns out, the error in ordering trial to proceed "as scheduled" is harmless because the plea was without merit.

Due to the nature of the case involving a juvenile wherein both the juvenile court and the superior court have acted, the statutory provisions regarding double jeopardy do not apply. OCGA § 16-1-7 and OCGA § 16-1-8 relate only to "prosecutions" and "convictions" and "crimes." The proceedings in the juvenile court very purposefully do not include such actions and categorizations. The district attorney proceeds by a "petition" alleging "delinquency based on conduct which is designated a crime or public offense under the laws, . . ." OCGA §§ 15-11-25, 15-11-39. The court adjudicates whether the child committed "the delinquent act," not a "crime." OCGA §§ 15-11-39 (b), 15-11-33. "Prosecution" is prohibited unless the case has been transferred to the appropriate court from the juvenile court. OCGA § 15-11-39 (c). The juvenile court "disposes" of the case after determining whether treatment, rehabilitation, or supervision is needed; it does not "sentence" the child. OCGA §§ 15-11-33, 15-11-35. And most telling of all, "[a]n order of disposition or other adjudication in a proceeding under this chapter is not a conviction of a crime. . . ." OCGA § 15-11-38 (a).

Defendant's plea, if valid, must therefore be bottomed on either the constitution of the state or of the United States, or both. In his plea before the superior court, the defendant invoked the Fifth and Fourteenth Amendments to the United States Constitution and "the Georgia Constitution, Art. I, Sec. I, Par. XV." Paragraph XV of the latter relates to habeas corpus so is inapplicable.

Defendant's argument was based primarily on the code section,

which I do not believe applied. However he cited both below and here one opinion of the United States Supreme Court, *Breed v. Jones*, 421 U. S. 519 (95 SC 1779, 44 LE2d 346) (1975), for the proposition that the federal double jeopardy provision is designed to protect a defendant from being tried more than one time for his actions and to prevent the expense of continuing trials. See *Keener v. State*, 238 Ga. 7 (230 SE2d 846) (1976), cert. den. 433 U. S. 911 (1977); *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974); and *Harris v. State*, 193 Ga. 109 (17 SE2d 573) (1941), for the distinctions between procedural and substantive double jeopardy. As recognized in *In re T.E.D.*, 169 Ga. App. 401, 402 (2) (312 SE2d 864) (1984): "In [*Breed*], the court held that a juvenile is put in jeopardy at a juvenile court proceeding whose objective is to determine whether the youth has committed a violation of criminal law. . . ." The principle that juvenile court proceedings put a person in jeopardy within the meaning of the federal constitution was recognized in *Lincoln v. State*, 138 Ga. App. 234 (3) (225 SE2d 708) (1976).

According to *Breed v. Jones*, supra, as defendant points out: "respondent was put in jeopardy at the adjudicatory hearing. Jeopardy attached when respondent was 'put to trial before the trier of the facts,' . . ., that is, when the Juvenile Court, as the trier of the facts, began to hear evidence." 421 U. S. at 531.

Although the petition before the juvenile court alleged only the motor vehicle theft, that court over defendant's objection heard evidence about the whole transaction, the continuing events from the defendant's stealing of the truck, his stop with it at the store where he robbed the clerk and shot him, his getaway in the car, his capture involving it. The entire relatively short course of conduct was taken into account, at the insistence of the state, which regarded it as one series of events. Even though the armed robbery is a different statutory offense and one is not a lesser-included offense within the other, the case of *Illinois v. Vitale*, 447 U. S. 410, 420-421 (100 SC 2260, 65 LE2d 228) (1980) indicates that where proof of one is relied on to prove the other, defendant has a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments of the U. S. Constitution. See also *Brown v. Ohio*, 432 U. S. 161 (97 SC 2221, 53 LE2d 187) (1977), and *State v. Burroughs*, 246 Ga. 393 (271 SE2d 629) (1980), regarding the relitigation of factual issues already resolved by the first prosecution. In the latter, the Supreme Court of Georgia adopted the views as stated in the dissent finding double jeopardy in the case's first appearance before the Court, *State v. Burroughs*, 244 Ga. 288, 291 (260 SE2d 5) (1979). Chief Justice Hill, then an associate justice, wrote: "In the case before us, the proof of acts of violence . . . in the disorderly conduct case . . . was admissible and was utilized as proof of intentional physical contact or harm in the later battery case,

and thus the *Nielsen* principle [*In re Nielsen*, 131 U. S. 176 (9 SC 672, 33 LE 118) (1889)] was violated." *State v. Burroughs*, 244 Ga. 288, 293-294, supra.

Here the theft of the truck and the armed robbery of the store clerk were two separate offenses. Therefore the successive prosecutions would not violate the principles of the federal constitution, which prohibit multiple convictions as well as successive prosecutions for the same offense. The crucial issue under the Fifth and Fourteenth Amendments is whether the conviction or prosecution is for the "same offense." Where the same act or transaction constitutes a violation of two statutory provisions, the test of two offenses or one is whether each provision requires proof of a fact which the other does not. Such test may be satisfied regardless of a substantial overlap in the proof used to establish the crimes. *Brown v. Ohio*, supra; *Illinois v. Vitale*, supra. Here, although the juvenile judge heard evidence of the armed robbery when considering the charge of motor vehicle theft, we cannot say the former was used to prove the latter. And since the juvenile court has not yet disposed of the motor vehicle theft case, it cannot be said that the disposition there took into account and punished the juvenile for the armed robbery aspect of his behavior.

It should be pointed out that the juvenile court could have had jurisdiction to consider also the armed robbery charge which was subsequently tried before the superior court. OCGA §§ 15-11-37, 15-11-5 (b). The State's reliance on *Hartley v. Clack*, 239 Ga. 113 (236 SE2d 63) (1977) and *Relyea v. State*, 236 Ga. 299 (223 SE2d 638) (1976), for the proposition that the juvenile court was deprived of the opportunity for taking jurisdiction of the armed robbery charge, is misplaced. As recited by the State, these cases say that whichever court first takes jurisdiction "may" retain it.

When the superior court on March 3 advised defendant that a felony warrant had been filed and ordered defendant held in the youth development center, the district attorney was not thereby deprived of the right to include armed robbery in the subsequent petition in the juvenile court. He chose not to, and instead, he obtained an indictment in the superior court. It was his actions that brought defendant to the superior court for trial on armed robbery which allegedly occurred while defendant was still in possession of the motor vehicle he had stolen less than an hour before, and which he resumed to use, and which he had been found by the juvenile court to have stolen.

The theft was a continuing act in the sense that the trespassory possession was still occurring. I do not see how two separate proceedings in two separate courts for the acts committed in the same intertwined and interrelated course of events, all occurring in an hour,

with no break in time or any intervening circumstances, and with a continuing criminal intent, would not constitute double jeopardy in its statutory *procedural* aspect, which bars successive prosecutions so as to serve the public policy against harassment of an accused.[2] See *State v. Estevez,* supra. But as said before, the statutory proscriptions do not apply to the juvenile proceeding.

If Smith had been an adult and was first tried and convicted of the motor vehicle theft and then interposed a double jeopardy plea when a second trial, for armed robbery, was prosecuted, he would have been on firmer ground because of the application of OCGA § 16-1-7 (b).[3] The situation is different when it involves a 13-year-old child, despite the fact that it means that the State is treating the offender as a child concerning the motor vehicle theft and as an adult concerning the armed robbery. It would seem that the person is either one or the other with respect to his conduct in the space of an hour on the morning of March 3.

The two proceedings against appellant were not prohibited by law.

---

[2] I agree with the majority that the substantive aspect of double jeopardy, which bars multiple convictions, is not violated here. Cf. *North Carolina v. Pearce,* 395 U. S. 711, 717 (89 SC 2072, 23 LE2d 656) (1969). An accused may be prosecuted for each crime arising from the same conduct. *State v. Estevez,* 232 Ga. at 320. That does not mean that he may be tried for these several crimes in successive prosecutions. See *State v. McCrary,* 253 Ga. 747 (325 SE2d 151) (1985), decided on the basis of the Georgia statutes and not the federal constitution.

[3] Under the statute, the nature of the entire transaction was a continuing course of conduct. See *Henderson v. State,* 227 Ga. 68, 75-76 (179 SE2d 76) (1970). All of the offenses which arise out of the same course of action and at the same time must be prosecuted together. *State v. Brittain,* 147 Ga. App. 626 (249 SE2d 679) (1978); *State v. Stowe,* 167 Ga. App. 65, 66 (2) (306 SE2d 663) (1983).