## A90A0864. BUTLER v. THE STATE.
(396 SE2d 916)

Pope, Judge.

Defendant Gerald Dwayne Butler was convicted by a jury of the offenses of aggravated assault, criminal trespass, DUI and habitual violator. He was charged with but acquitted of the offenses of kidnapping and burglary. On appeal, he contends the evidence was insufficient to authorize the convictions against him and the trial court erred in its charge to the jury.

Construed in a light most favorable to the verdict, the record shows the following: On July 29, 1988, Lynette Argo was driving along Austell Road on her way to work. Defendant, who was driving a truck, was also traveling on Austell Road. Argo moved into the left lane, intending to pass the defendant. However, defendant moved over into Argo's lane and prevented her from passing. Argo testified her first thought was that defendant did not see her trying to pass, so she attempted to pass again and defendant again came over into her lane, causing her to hit the median. Argo then followed defendant in order to get his tag number. Argo testified defendant was shaking his fist at her and slamming on his brakes, causing her to almost hit him. Argo pulled into the parking lot of the KOA campground and defendant rammed into the back of her car. Argo testified she had her seatbelt on when defendant hit her but that the hit was strong enough to "jar her." Argo ran into the campground office and Jean Lee, a KOA employee, locked the door and telephoned police. Lee testified she saw Argo trying to turn into the KOA parking lot and that it appeared that defendant was trying to keep her from pulling in. Lee also testified that defendant initially pulled alongside Argo, but then backed up and rammed into the back of Argo's car. Both witnesses testified defendant tried to drive away, but that he ran into a ditch and was forced to flee on foot.

Lynette Lawrence testified that she lived at Douglas Estates Mobile Home Park and that on July 29, 1988, she was at home alone with her young son. Lawrence, who was in the back of the trailer cleaning the bathroom, testified her son walked in and told her "the managers" were there. Lawrence walked down the hallway and saw defendant standing in her front room. Defendant was dressed only in a pair of white short-type swim trunks and was barefooted. Defendant told Lawrence he needed to use the telephone and she told him she did not have one. Defendant also told her he needed clothes and a hat. Lawrence testified the defendant took her by the arm and forced

her into the bedroom to get a pair of pants. Defendant placed the pants over his swim trunks and wrote down a name and telephone number for her to call. The defendant, Lawrence, and her son walked to the manager's office to use the telephone. Lawrence testified she made the call for defendant, but that he "jerked" the phone out of her hand after she got the other party on the line. Lawrence testified defendant then took her by the arm and led her back to her trailer, where they were intercepted by police. Lawrence testified the defendant threatened to kill her son if she refused to do what he told her to do.

One of the managers of the trailer park, Denise Moore, testified that Lawrence and defendant came into the office and Lawrence asked to use the phone. Moore stated that Lawrence appeared agitated and that defendant appeared "desperate." Moore said Lawrence initially placed the call and defendant "grabbed" the phone from her. After the call was completed, defendant led Lawrence out by the arm, as if "guiding" her out of the door.

Defendant also testified at trial. He admitted the DUI and habitual violator charges. Defendant testified that he noticed a woman (Argo) trying to pass him, and that she was blowing her horn. Defendant stated he might have been weaving because of a problem with his tires and because he had been drinking, but that he moved over to allow Argo to pass. According to defendant, Argo kept blowing her horn at him and making hand gestures so he decided to follow her into the KOA parking lot "to see what her problem was." Defendant admitted he hit the rear of Argo's car, but stated the problem with his tires prevented him from stopping immediately, and that the impact was slight and did very little damage.

Defendant further testified that he "freaked out" after he hit Argo's car, and he ran his truck into a ditch while trying to flee the scene. Defendant then fled on foot. Defendant testified he went to a trailer and a little boy came to the door. He testified the boy went to the back of the trailer and Lawrence came to the door. Defendant said he told Lawrence he had an accident, that he "was probably in a little bit of trouble," and that he needed to use a phone. Lawrence told him she did not have a phone, and defendant said he asked her if he could borrow a pair of pants and a hat. Defendant testified Lawrence agreed to give him a pair of pants and let him enter the trailer. Defendant testified he stepped into the kitchen of the trailer but did not accompany Lawrence to the rear of the trailer when she went to get the pants.

Defendant further testified Lawrence told him there was a phone in the manager's office and he asked her to go with him to place the call because he did not know the manager. According to defendant, Lawrence agreed to make the call for him. Defendant said he reached

for the phone after Lawrence got his mother on the line, but denied "grabbing" the phone from her. Defendant testified he and the victim were intercepted by the police on their way back to Lawrence's trailer.

1.(a) Defendant challenges the sufficiency of the evidence to support his conviction of the offense of aggravated assault, arguing the State failed to show an intent to inflict serious bodily injury. " 'A person commits the offense of aggravated assault when he assaults: . . . (2) . . . with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury.' OCGA § 16-5-21. Although an automobile is not per se a deadly or offensive weapon, it may become one depending on the manner and means of the vehicle's use. *Blalock v. State*, 165 Ga. App. 269, 270 (299 SE2d 753) (1983). The question of whether an automobile, or other instrumentality, has been used so as to constitute a deadly or offensive weapon is properly for the jury's determination. *Banks v. State*, 169 Ga. App. 571, 572 (314 SE2d 235) (1984); *Quarles v. State*, 130 Ga. App. 756 (2) (204 SE2d 467) (1974). The evidence here was sufficient to enable any rational trier of fact to find the defendant guilty of the offense of aggravated assault of [Argo] beyond a reasonable doubt. [Cits.]" *Spaulding v. State*, 185 Ga. App. 812, 813 (366 SE2d 174) (1988).

(b) Defendant also challenges the sufficiency of the evidence to convict him of the criminal trespass charge, arguing the State necessarily failed to prove that he entered the Lawrence residence "for an unlawful purpose" (see OCGA § 26-7-21 (b) (1)) because he was acquitted of the burglary and kidnapping charges "[Defendant] requested the charge on criminal trespass. This being so, [defendant] may not rely on the jury verdict acquitting him [of the greater offenses]. As the evidence would have authorized a conviction for [burglary or kidnapping], it cannot be said that the verdict of guilty as to criminal trespass is without evidentiary support." *Favors v. State*, 149 Ga. App. 563, 564 (1B) (254 SE2d 886) (1979).

2. Defendant next contends that the trial court's charge on voluntary intoxication was erroneous. We disagree. Contrary to his unsupported contentions on appeal, defendant "did not carry [his] burden of showing that [his] intoxication negated intent to commit the aggravated assault [charge]." *Horton v. State*, 258 Ga. 489, 491 (8) (371 SE2d 384) (1988). Consequently, this enumeration is without merit.

3. Lastly, defendant challenges the trial court's charges on lesser included offenses. However, contrary to defendant's arguments on appeal, the trial court properly charged the jury on the consideration of lesser included offenses. See *Zackery v. State*, 257 Ga. 442, 443 (3) (360 SE2d 269) (1987). Specifically, the trial court did not instruct the jury, as defendant contends on appeal, that they first had to

"unanimously acquit" defendant of the greater offenses before they could consider the lesser offenses. Moreover, the charges given as to the lesser offenses were substantially the same as those requested by defendant. "[I]nduced error cannot be complained of on appeal." *Griffith v. State*, 188 Ga. App. 789, 790 (374 SE2d 359) (1988).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Alden W. Snead, J. M. Raffauf*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.