A02A0876. RENDER v. THE STATE.
(571 SE2d 493)

MILLER, Judge.

Following a jury trial, Tyrone Render was convicted of aggravated assault. On appeal he contends that the trial court erred in failing to (1) grant his motion for a directed verdict of acquittal, (2) give a sufficiently clear jury charge on self-defense, (3) give a requested jury charge on carrying a concealed weapon, (4) define, in its jury charges, the "unlawful act other than a felony" that would establish involuntary manslaughter, (5) properly recharge the jury on involuntary manslaughter, and (6) charge the jury on involuntary manslaughter in the commission of a lawful act in an unlawful manner. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that the victim came to visit Render at his apartment. Render and the victim shot a game of craps, in which the victim ended up losing $40 to Render. Instead of paying Render, however, the victim took his money, left the apartment, and went to his car in order to leave.

Render then retrieved a handgun from his apartment, went to the victim's car, and demanded the $40 from the victim. The victim could see the gun, as it was exposed from Render's waistband, and the victim asked Render if he was going to shoot him. Render shot the victim just as the victim got out of his car. Render then fled from the scene, and the victim died.

---

[16] (Citations and punctuation omitted.) *Colley v. State,* 225 Ga. App. 198, 201 (3) (483 SE2d 355) (1997).

At trial, Render moved for a directed verdict, which was denied, and the court gave jury instructions on self-defense and accident. The court also gave the involuntary manslaughter charge requested by Render and went on to define the offenses of reckless conduct and simple assault in its jury charges. However, the court refused to give an instruction on carrying a concealed weapon, as the trial court did not believe that the evidence at trial warranted such a charge, and further refused to give a charge on involuntary manslaughter by the commission of a lawful act in an unlawful manner.

When the jury during its deliberations asked the court for a definition of involuntary manslaughter, the court reread its original involuntary manslaughter charge to the jury. The jury found Render guilty of aggravated assault, and Render now appeals.

1. Render contends that the trial court erred in failing to grant his motion for a directed verdict of acquittal, arguing that the evidence at trial was insufficient to sustain the conviction for aggravated assault. We disagree.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001). We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person can be guilty of aggravated assault "when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . ." OCGA § 16-5-21 (a) (2). Assault can occur where a person "[a]ttempts to commit a violent injury to the person of another; or [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (1), (2).

Here, the evidence reveals that Render retrieved a gun from his house in order to persuade the victim to give him some money. The jury could infer that the victim was in reasonable apprehension of immediately receiving a violent injury, as even Render admitted that the victim expressed concern that Render was going to shoot him. After the shooting, Render fled from the scene. The jury was free to believe or disbelieve Render's story that the shooting happened by accident during a struggle with the victim. The evidence was suffi-

cient to sustain the conviction. See, e.g., *Grissett v. State*, 199 Ga. App. 547-548 (2) (405 SE2d 542) (1991).

2. Render argues that the trial court erred by failing to make clear in its jury charges that if Render used reasonable force in self-defense, then he did not engage in any criminal activity. We find this claim to be without merit.

> Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence.

(Citations and punctuation omitted.) *Pullins v. State*, 232 Ga. App. 267 (1) (a) (501 SE2d 612) (1998).

The verdict in this case was amply supported by the evidence, and a review of the jury charge as a whole reveals that it was highly unlikely that any juror of ordinary intelligence would be misled into believing that Render could still be guilty of some criminal conduct if the jury found that he acted in self-defense. Render's argument to the contrary is without merit.

3. Render argues that the trial court erred by failing to give his requested jury charge on carrying a concealed weapon. We disagree.

A trial court does not err by failing to give a jury charge where the requested charge is not adjusted to the evidence presented at trial. See *Williams v. State*, 221 Ga. App. 296, 297-298 (1), (2) (471 SE2d 258) (1996). There was no evidence that Render concealed the gun that he was carrying at his waist. Cf. *McCroy v. State*, 155 Ga. App. 777, 779 (2) (272 SE2d 747) (1980) (gun was not concealed where it was sticking out from defendant's pocket). Indeed, the evidence revealed that the victim saw the gun and even asked Render if he was going to shoot him. Even Render stated in his version of events that the victim reached for his gun. The trial court did not err by refusing to give Render's requested charge on carrying a concealed weapon.

4. In his fourth and fifth enumerations of error, Render contends that the trial court erred by failing to define "unlawful act other than a felony" in its charge on involuntary manslaughter, and by reading this same charge to the jury when the jury asked for the definition of involuntary manslaughter during deliberations. However, any alleged error with respect to this charge and the rereading of it was of Render's own making, as it was the very charge he requested. See *Butler v. State*, 196 Ga. App. 706, 709 (3) (396 SE2d 916) (1990).

5. Render urges that the trial court erred by refusing to give his requested charge on involuntary manslaughter by the commission of a lawful act in an unlawful manner. However, as the Supreme Court of Georgia held in *Clark v. State*, 271 Ga. 27, 29 (2) (518 SE2d 117) (1999):

> This Court has rejected the argument that a defendant asserting self-defense who kills another with a firearm is entitled to a charge on unlawful manner involuntary manslaughter on the theory that he was engaged in the lawful act of self-defense but with unlawful excessive force. This is because the use of a gun negates any argument that the death occurred during the commission of a lawful act in an unlawful manner because if it is self-defense it is no crime at all, and if it is not self-defense it is reckless conduct, which is a crime rather than a lawful act.

(Citation and punctuation omitted.) We discern no error here.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 19, 2002.

*James J. Lacy*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Christopher M. Quinn*, Assistant District Attorney, for appellee.