### 25045. WELCH *v.* THE STATE.

Decided April 17, 1936.

*Ellis G. Arnall, Stonewall H. Dyer,* for plaintiff in error.
*Stanford Arnold, solicitor,* contra.

MacIntyre, J.   The information in this case charges that H. L. Welch carried a concealed pistol in Coweta County on September 17, 1934.   The controlling question is whether or not the court erred in sustaining an "oral demurrer" to a plea which is substantially as follows:

1.   The "alleged offense . . took place on or about September 17, 1934."

2.   At said time "martial law was in effect at and around the Newnan Cotton Mills in Newnan, Georgia."

3.   The defendant "was placed under arrest at Newnan, Georgia, in front of the Newnan Cotton Mills, on or about September 17, 1934, by national guardsmen serving as Georgia militia under the order of Governor . . Talmadge."

4.   The defendant "was arrested for having a pistol or gun in his possession, concealed, by said military at the scene of the textile trouble zone. . . "

5.   "That said military transported. defendant to a military prison at Fort McPherson, Ga., and imprisoned and punished him by incarceration in said prison from the said time of his arrest until Saturday afternoon, September 22, or a duration of five days, all being under the pretext of martial law."

6.   "That said military brought defendant prisoner back to Newnan at said time and released him, at which time the civil authorities rearrested him and committed him to prison, and said civil authorities now seek to try him for an alleged offense committed under martial law, of which he is not guilty, and for which he was arrested by the military, served a term in military prison, and was released, and for which he was later and again arrested while military law was in force by the civil authorities, all of which is in contravention to law and defendant's constitutional rights for the reason that under the Governor's said proclamation of martial law, martial law supplanted and superseded civil law, and any and all offenses committed by defendant under martial law and for which he was arrested by the military must be solely and singularly punished by a military tribunal or court under

military law, and punishment inflicted in a military prison as was done in this case, and defendant can not now be again arrested by civil authorities for an alleged crime committed under martial law, and for which he has already been punished and over which civil authorities have no jurisdiction . . , and for these reasons this defendant files this his plea to said information upon said grounds and prays that said information be quashed."

It can not be successfully contended that the mere existence of martial law in a certain area necessarily deprives the State courts of jurisdiction of all crimes committed against the State law in that area. See, in this connection, 8 R. C. L. 150, § 138; Grafton v. United States, 206 U. S. 333, 27 Sup. Ct. 749, 51 L. ed. 1084, 11 Ann. Cas. 640, notes) ; 12 Cyc. 275; U. S. v. Cashiel, 25 Fed. Cas. 318, No. 14,744: "The plea of autrefois convict should set forth the former record, including the former indictment, so that it may appear to the court therefrom, and by proper averments in the plea, that his former conviction was for the same offense as the one for which he is now indicted." Crocker v. State, 47 Ga. 568. "A mere general allegation that a former conviction has taken place is not sufficient, and such a plea will be stricken." Wilson v. State, 68 Ga. 827. "A plea of former jeopardy which does not set forth a copy of the accusation on which it is alleged the accused was previously tried is fatally defective." Whitley v. State, 14 Ga. App. 577 (81 S. E. 797). "A plea of former conviction is good as against demurrer only when it sets out the record of the former trial and conviction and judgment, and such a state of facts as will show that the former conviction was for the same offense for which the defendant is about to be arraigned." Thomas v. State, 24 Ga. App. 350 (100 S. E. 760), citing Blair v. State, 81 Ga. 629 (7 S. E. 855). "A plea of former conviction should be special, and involves two matters; first, matter of record, to wit, the former indictment and conviction; and second, matter of fact, to wit, the identity of the person convicted and of the offense for which he was formerly convicted, with that for which he is on trial." Daniels v. State, 78 Ga. 98 (2), 102, 103 (6 Am. St. R. 238). The plea in the instant case substantially alleged that national guardsmen arrested the defendant "on or about September 17, 1934," for an offense of which he was not guilty, to wit, having in his possession a concealed pistol, in a zone in

which martial law had been declared, imprisoned him for five days at Fort McPherson, and then released him, "all . . under pretext of martial law." The plea fails to show that the defendant had been formally charged with committing any offense, or convicted, or sentenced, or tried by any tribunal having jurisdiction to try him. Our view is that the plea is entirely inadequate, and we hold that the trial judge did not err in sustaining the demurrer to it. The motion for new trial contains only the general grounds; and since those grounds are not insisted on or argued in the brief of counsel for the plaintiff in error, they will be considered as abandoned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*