## 74085. THE STATE v. FOWLER.
(357 SE2d 329)

CARLEY, Judge.

An accusation was filed in the State Court of Fulton County, charging appellee with the State offenses of selling liquor without a State license and selling alcoholic beverages on Sunday. Appellee filed a motion which he erroneously denominated as a plea of autrefois convict. Appellee's motion was, in fact, a plea of autrefois acquit. According to the allegations of appellee's motion, he had been tried in the Municipal Court of the City of Atlanta and acquitted of "the offense of peddling without a license, a violation of a City ordinance." Based upon his alleged former prosecution and acquittal for violating the city ordinance, appellee moved for the dismissal of the pending prosecution in the State Court of Fulton County. It does not appear that appellee ever requested a hearing on his motion or that the trial court ever conducted one. The trial court merely entered an order which states that, appellee's motion "having been read and considered[,] it is hereby ordered that said motion be granted and the accusation . . . be dismissed." The State appeals from this order dismissing the prosecution against appellee for violation of the State criminal statutes.

A summons charging appellee with violating a city ordinance prohibiting "peddling without a license" was neither attached to his motion nor does such a summons otherwise appear of record. " 'A plea of former jeopardy which does not set forth a copy of the accusation on which it is alleged the accused was previously tried is fatally defective.' [Cit.]" *Welch v. State*, 53 Ga. App. 255, 257 (185 SE 390) (1936). Moreover, if appellee was tried in the municipal court for violating an ordinance prohibiting "peddling without a license" "the plea fails to set out the ordinance and it is therefore too indefinite to raise any question for decision on this issue. [Cit.]" *Hannah v. State*, 97 Ga. App. 188, 194 (102 SE2d 624) (1958). "Neither a trial court nor an appellate court may judicially notice a municipal ordinance. [Cits.] Where an ordinance of a municipality is relied upon, it must be pleaded and proved in the trial court. [Cits.]" *Hood v. Mayor &c. of Savannah*, 247 Ga. 524 (277 SE2d 54) (1981). Moreover, notwithstanding the procedural deficiencies in appellee's motion, it appears that the trial court undertook to grant it without ever holding a hearing. Compare *Bell v. State*, 249 Ga. 644, 645 (1) (292 SE2d 402) (1982). "Where defendant files a special plea of autrefois acquit the burden is upon him to prove such plea." *Hendricks v. State*, 108 Ga. App. 259 (1) (132 SE2d 845) (1963). "It would have been appropriate for the State to file a general demurrer to [appellee's] plea. The failure to do so does not mean, however, that the special plea in bar stands admitted. The failure [of the State] to demur does not confess

the action either in law or in fact, and the proof of the facts in the plea [would] not authorize a judgment unless the existence of those facts so authorize. [Cit.] [Appellee] filed his plea in bar [but apparently] requested [no] hearing. The State [has not had the opportunity to oppose] the plea at [a] hearing by way of argument on the legal questions presented. [The State has not] received a fair and impartial hearing on the merits of [appellee's] plea." *Bell v. State*, supra at 645 (1).

For all of the procedural deficiencies discussed, the order granting appellee's plea of autrefois acquit must be reversed. However, in the event that appellee should make a new motion and that a hearing on that motion be held, we would give the following general direction: Mere proof that a "peddling without a license" ordinance exists and that appellee was tried and acquitted for that municipal offense will not authorize the grant of his motion. The initial determination is whether the municipal offense of which appellee was acquitted and the two State offenses now in issue constitute the "same offense." " ' "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." ' [Cit.]" *State v. Burroughs*, 244 Ga. 288, 290 (3) (260 SE2d 5) (1979). Assuming that the two State offenses may require proof of some facts which differ from those necessary to prove a violation of the municipal ordinance, the inquiry should proceed to a determination of whether appellee's former acquittal could reasonably have been grounded upon a failure of proof as to a fact peculiar to the municipal offense rather than a failure of proof as to a fact which the municipal offense may have in common with the State offenses. See generally *State v. Tate*, 136 Ga. App. 181, 184 (4) (220 SE2d 741) (1975).

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 19, 1987.

*Norman R. Miller, Assistant Solicitor*, for appellant.
*L. David Wolfe*, for appellee.