A98A0618. HONIKER v. THE STATE.
(497 SE2d 70)

JOHNSON, Judge.

On July 26, 1996, Christian Honiker was arrested and issued three citations. Two were uniform traffic citations charging him with driving under the influence and defective equipment. These citations scheduled an appearance in the Probate Court of Henry County for September 5, 1996. The third citation charged Honiker with "disorderly conduct-marijuana," apparently a violation of a Henry County ordinance, and scheduled an appearance in the Magistrate Court of Henry County for August 1, 1996.

When Honiker failed to appear in magistrate court, his bond was forfeited and a guilty plea was entered on the "disorderly conduct-

marijuana" charge. OCGA § 15-10-63.1 (b). Honiker appeared in the probate court and pled not guilty to the other two charges. He was subsequently indicted on charges of driving under the influence of alcohol and possession of less than an ounce of marijuana. Honiker filed a plea of autrefois convict, asserting the prosecution is barred by double jeopardy. The motion was granted with regard to the possession of marijuana charge, but denied as to the driving under the influence charge. From this ruling Honiker appeals.

Honiker's contention that the trial court erred in denying his plea of autrefois convict as to the DUI charge is without merit. The citation charging Honiker with "disorderly conduct-marijuana" is not a part of the record on appeal. "A plea of former jeopardy which does not set forth a copy of the accusation on which it is alleged the accused was previously tried is fatally defective." (Citations and punctuation omitted.) *State v. Fowler*, 182 Ga. App. 897 (357 SE2d 329) (1987). Furthermore, based on the briefs of the parties, we presume that the "disorderly conduct-marijuana" charge arises from a violation of a county ordinance.. But this Court cannot take judicial notice of county ordinances, and we do not know the elements of Henry County's "disorderly conduct-marijuana" offense, or even if such an ordinance exists. Therefore, the plea of double jeopardy, which neither included a copy of the citation nor set out the ordinance, is too indefinite to support appellate review. A trial court's ruling will be affirmed if it is right for any reason. See *Stovall v. State*, 216 Ga. App. 138, 139 (1) (453 SE2d 110) (1995).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 13, 1998.

*Virgil L. Brown & Associates, Bentley C. Adams III*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Sandra A. Graves, Assistant District Attorneys*, for appellee.