A00A2278. JACKSON v. THE STATE.
(541 SE2d 672)

MILLER, Judge.
Ralph Jackson, Jr. was charged in an indictment with possession of cocaine with intent to distribute and possession of a controlled substance within 1,000 feet of a school. With the assistance of counsel, Jackson entered into a negotiated guilty plea to one count of possession of cocaine. The day before the plea hearing, counsel filed a written plea of former jeopardy. The basis for this plea is that, at the hearing where Jackson was bound over by the Muscogee County Recorder's Court to superior court for the two cocaine charges, he was also adjudicated guilty of disorderly conduct by the recorder, for which offense he served his sentence and paid his fine. At the superior court guilty plea hearing, in Jackson's presence, counsel expressly informed the trial court that, while counsel did file a "plea of former jeopardy, we are waiving that. I wanted to put that on the record." Proceeding pro se, Jackson appeals from the judgment of conviction entered on his guilty plea. In two related enumerations, he

---

contends his conviction for possession of cocaine is barred by the substantive aspects of double jeopardy. We affirm.

1. Jackson did not seek to withdraw his guilty plea in the trial court, nor did he there assert that counsel was ineffective. Nor did he raise and attempt to prove his double jeopardy claim in the trial court. As a matter of federal constitutional law, Jackson's "double jeopardy challenge is foreclosed by the guilty plea[ ] and the judgment[ ] of conviction."[1] Specifically, because Jackson's double jeopardy claim cannot be resolved on the face of the record, the limited exceptions authorizing collateral attack on the guilty plea do not apply.[2]

2. Under state law, Jackson's plea in bar was deficient, because neither the citation charging him with disorderly conduct nor the local ordinance he allegedly violated was made a part of the record. In Georgia, "[a] plea of former jeopardy which does not set forth a copy of the accusation on which it is alleged the accused was previously tried is fatally defective. [Cit.]"[3] And Jackson's attempt to add evidence by attaching the transcript of the recorder's bind-over hearing and his receipt for payment of the disorderly conduct fine as exhibits to his brief is not an authorized method to supplement the record.[4] We cannot take judicial notice of local ordinances and will not presume that the elements of disorderly conduct are in fact based on Jackson's admitted possession of cocaine.[5] Furthermore, Jackson's reliance on *Redding v. State*[6] is misplaced because, to the extent *Redding* stood for the proposition that this Court will review an alleged violation of the substantive bar against double jeopardy that was not raised and ruled on in the trial court, it was subsequently overruled.[7] Consequently, Jackson's double jeopardy claim was procedurally defaulted.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 6, 2000.

Ralph Jackson, Jr., *pro se.*
*J. Gray Conger, District Attorney*, for appellee.

---

[1] *United States v. Broce*, 488 U. S. 563, 565 (109 SC 757, 102 LE2d 927) (1989).
[2] Id. at 569 (II).
[3] (Punctuation omitted.) *Honiker v. State*, 230 Ga. App. 597, 598 (497 SE2d 70) (1998).
[4] *Leatherwood v. State*, 212 Ga. App. 342 (1) (a) (441 SE2d 813) (1994).
[5] *Honiker v. State*, supra, 230 Ga. App. at 598.
[6] 188 Ga. App. 805 (374 SE2d 339) (1988).
[7] *Edmonson v. State*, 212 Ga. App. 449, 452 (3) (442 SE2d 300) (1994).